(26 Misc. Rep. 24.)

### HOFFMANN v. COUGHLIN.

(Supreme Court, Appellate Term. January 23, 1899.)

1. BAILMENT—LOSS BY BAILEE—BURGLARY—EVIDENCE.

Whether a bicycle left with defendant for repairs was stolen by a burglar is for the jury, where, although there is evidence in the affirmative, it appears that there were no marks of burglars' tools on the door.

2. SAME—NEGLIGENCE—EVIDENCE.

When the door of defendant's store, from which plaintiff's bicycle was stolen, was fastened by means of a screw-driver passed through two hasps, and the gate in the rear of the premises was not shown to have been fastened, plaintiff is entitled to go to the jury on the question of defendant's negligence.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Leonard Hoffmann against James B. Coughlin. A verdict was directed for defendant, and from a judgment entered thereon plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Louis Wendel, Jr., for appellant.
John Jeroloman, for respondent.

GIEGERICH, J. Damages were sought to be recovered in this action for the loss by plaintiff's assignor of a bicycle, left in the custody of defendant for purposes of repair. Absence of negligence, and burglarious entry of defendant's premises, were the grounds pleaded by the defense, and urged in extenuation of any damages suffered by plaintiff. At the close of the entire case, there were presented by the defendant certain reasons why a verdict should be directed in his favor, namely, failure to either rebut the testimony as to the property having been stolen, or to prove that such theft was committed through any fault, negligence, or carelessness on his part, as well as an affirmative establishment by the evidence of the fact that the bicycle had been cared for as though his own personal property, and the additional fact that nothing had theretofore caused him to doubt the perfect security of his premises. The plaintiff then asked the court to be permitted to go to the jury upon the following questions: (1) Whether there was a burglary; (2) whether defendant's premises were properly guarded and secured; and (3) whether the defendant was not guilty of negligence in having simply closed the door in the manner testified to. Thereupon the court instructed the jury to find a verdict for the defendant, upon the hypothesis that no evidence existed upon which to sustain a finding unfavorable to him, to which plaintiff excepted. This, we think, was error, for the reason that, while the testimony adduced for the defendant tended to show that the asportation of the cycle from his store was by means of a burglarious entry, yet the plaintiff's assignor testified that, on the day following the alleged theft, he, in company with the defendant and the latter's son, made an examination of the premises, but failed to discover the marks of a jimmy upon the door, or any evidence whatever of a forcible entry. It certainly was incumbent upon the defendant to establish, with reasonable certainty, the alleged loss from theft. Claflin v. Meyer, 75 N. Y. 260, 263. Obviously, the testimony in this respect was open to opposing inferences by the jury (Linkauf v. Lombard, 137 N. Y. 417, 420, 33 N. E. 472; Jones, Ev. § 171), and to withdraw it from their consideration was without warrant. Apart from this conflict of testimony, however, another important fact seems to have been overlooked by the justice in his disposition of the case, which was properly within the province of the jury. We refer to certain testimony introduced by the plaintiff from which it might be inferred that the alleged burglary was due to the want of such care as a prudent man would have taken of his property under similar circumstances. Claflin v. Meyer, supra; Ouderkirk v. Bank, 119 N. Y. 263, 23 N. E.

875; Stewart v. Stone, 127 N. Y. 500, 506, 28 N. E. 595; Waterman v. Pin Co., 19 Misc. Rep. 638, 44 N. Y. Supp. 410. To particularize, it appears from the defendant's own testimony that the rear door, through which the burglarious entry was effected, was kept closed, not by a regular lock, but by means of a screw-driver passed through two hasps, while from certain other testimony there is left in dispute the question as to whether the gate leading to the alleyway in the rear of the premises was permanently closed or not. It was, therefore, error not to send the case to the jury, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

