(January 29, 1902.)

## STRONG v. MORGAN.

[67 Pac. 1123.]

Sale of Personal Property—Delivery of Possession—Obligations of Seller.—Under the provisions of section 3252, the seller of personal property, until the delivery of possession of the same to the buyer, is bound to keep the same with at least ordinary care, and is responsible for loss of the same, unless he shows that such loss occurred without his fault.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

Glenn & Gough, for Appellant.

The only question involved in this case is whether or not the cattle were delivered to the appellant at the time they were purchased or bargained for. If they were, the judgment of the lower court should be sustained; if not, it should be reversed. Delivery is used in many different senses, and the result is a confusion as to the various terms applied to it. A very concise explanation of these terms, and in which the case at bar is distinguished, is found in the American and English Encyclopedia of Law, volume 21, page 523. (Benjamin on Sales, ed. 1888, secs. 674-676, pp. 631, 632.) On the question of intent in cases of this kind, there is a well-considered case in *Hall v. Richardson,* 16 Md. 397, 77 Am. Dec. 303. (*Messer v. Woodman,* 22 N. H. 72, 53 Am. Dec. 241; *Brown v. Denison,* 2 Wend. 593; Idaho Rev. Stats., sec. 3252.)

Alfred Budge, for Respondent.

When, from the entire evidence, different minds might honestly reach different conclusions as to the sale, delivery and acceptance are questions for the jury, and their verdict will not be disturbed. There was nothing more to be done by the seller to prefect title in the buyer, and in that event, under the following authorities, the sale was complete and the delivery had taken place: *Henline v. Hall,* 4 Ind. 189; *Secket v.*

*Scott,* 66 Ill. 106. When the contract has been completely made, the thing sold is at the risk of the purchaser, who must bear all subsequent losses, and is entitled to all subsequent gains. (*Smith v. Phoenix Ins. Co.,* 91 Cal. 323, 25 Am. St. Rep. 191, 27 Pac. 738, 13 L. R. A. 475, and notes; 2 Kent's Commentaries, 11th ed., 492; Story on Sales, sec. 300.)

QUARLES, C. J.—On the first day of October, the appellant purchased from respondent fifteen head of steers and three cows, and then paid five dollars down, and a day or two afterward paid the balance of the purchase price. The complaint alleges that the respondent failed to deliver one of said steers, and only delivered fourteen steers and the three cows. The answer of respondent denies that respondent only delivered fourteen steers, and alleges that respondent delivered the fifteen steers. This action was commenced in the probate court in and for Bear Lake county, to recover thirty-five dollars, the contract price paid by the appellant to respondent for the steer which was not delivered. The probate court rendered judgment in favor of the respondent, and appellant appealed to the district court, where the case was tried *de novo* by the court, without a jury, and the district court rendered judgment in favor of the respondent, from which this appeal is brought.

There was no motion for a new trial in the court below, but all of the evidence is contained in the appellant's bill of exceptions, and it is alleged in said bill of exceptions that said evidence is insufficient to support the judgment, and the specification of insufficiency of the evidence is sufficiently set forth therein. The evidence is brief, and is, in substance, as follows: Appellant went to the ranch of respondent on the first day of October, 1899, to buy some cattle of respondent. Appellant and respondent drove up to, and into, a field where the cattle were grazing, and looked at them, and then returned to respondent's house. Appellant then asked respondent the price of said cattle, and respondent told appellant that he would take thirty-five dollars per head for the fifteen steers, and twenty-eight dollars per head for the three cows. Appel-

lant agreed to this, paid some money to respondent, and on the next day gave to respondent a check for the balance of the purchase price. Appellant, at the time he purchased said cattle, asked respondent if he could keep them a few days for him, and respondent said, "Yes." About two weeks after the contract of sale, respondent notified appellant to come, or send, and get the cattle. Respondent left home and went to Salt Lake City, and about a week after such notice appellant sent a boy after the cattle, who received fourteen head of steers and three cows. There is no statement in the pleadings, and no explanation in the evidence, as to what became of the other steer, which was not delivered. Counsel for respondent contends, and the lower court seems to have taken the same view, that the delivery of possession was completed at the time of the sale. We do not think so. As between the parties the sale was consummated, so far as the title was concerned, and the title passed to the appellant, but possession did not pass. In our view of this case the obligations of the respondent are fixed by section 3252 of the Revised Statutes, which is as follows: "After personal property has been sold and until the delivery is completed, the seller has the rights and obligations of a depositary for hire, except that he must keep the property without charge, until the buyer has had a reasonable opportunity to remove it." In order to relieve himself from liability the respondent should have shown, not only that said steer is not in his possession, but that the same was lost, dead, or stolen, without fault on his part. Under the statute, supra, it was his duty to use at least ordinary diligence in the care of said cattle until the possession of the same should be delivered by him to the appellant. This rule requires him to take the same care of said cattle until delivery as a prudent man would take of his own property. Having failed to show such care, and having failed to show that the property was lost without his fault, the judgment should have been in favor of the appellant.

There are no findings of fact in the record, and they were presumably waived by both parties. The evidence does not support the judgment, wherefore the judgment is reversed, and

the cause remanded for further proceedings in accordance with the views expressed in this opinion. Costs of appeal awarded to appellant.

Sullivan and Stockslager, JJ., concur.

### ON REHEARING.

(March 14, 1902.)

Per CURIAM.—The respondent has filed a petition for a rehearing, in which he insists that the question of bailment, under the statute, was not raised by the pleadings, and that under the pleadings the respondent was precluded from showing diligence in the care of the cattle in controversy. We cannot agree with this contention. The complaint in this case is very brief, yet it alleges, in concise terms, the sale of the cattle by respondent to appellant, and the failure of the respondent to deliver all of the cattle to the appellant. These facts make a case under the statute cited. The answer sets up no defense to the complaint, except it alleges delivery. If a defense existed, other than that of delivery, the respondent should have pleaded the same in his answer. The only issue was as to the delivery of the steer in controversy by respondent to appellant. On that issue the evidence was in favor of appellant, and findings and judgment should have been in his favor.

We see no good reason for granting a rehearing, and the same is denied.