E. R. FILSON, *Appellee*, v. THE PACIFIC EXPRESS COM-
PANY, *Appellant*.

No. 17,015.

### SYLLABUS BY THE COURT.

1. BAILMENTS—*Negligence—Question of Law or Fact.* In cases
of bailment the degree of diligence or ·care required is a ques-
tion of law for the court, but whether the bailee has exercised
due care is a question for the jury, except in cases where but
one reasonable inference can be drawn from the undisputed
facts.

2. ——— *Negligence of Bailee and Proximate Cause of Theft a
Question of Fact.* The owner of an express package failed to
call at the express office for it and the agent of the express
company placed it in the company's office, which was located
in a railroad depot consisting of a frame building, the doors
and windows of which were locked. The depot had been used
for years for depositing freight and, express matter. It was
entered during the night by a burglar breaking the glass of
one of the windows, and the package with its contents was
stolen. The package was a canvas-covered telescope con-
taining moving-picture films. It weighed fifty-five pounds
and was valued at $600, and the value was marked on the
outside of the package in plain figures. In an action to re-
cover against the company for its loss it was conceded that
the liability of the company was that of a warehouseman.
*Held*, that it was a question for the jury to determine from
·all the evidence and circumstances whether the express com-
pany failed to exercise ordinary care, and whether such
failure was the proximate cause of the loss.

Appeal from Sedgwick district court. Opinion filed
April 8, 1911. Affirmed.

*A. E. Helm*, for the appellant.

*John W. Adams*, and *George W. Adams*, for the ap-
pellee.

The opinion of the court was delivered by

PORTER, J.: The appellee recovered judgment for the
value of an express package which was lost under the
following circumstances: On the 19th day .of April,

Filson v. Express Co.

1908, the appellee deposited with the express company at Belle Plaine, Kan., for shipment to Argonia, Kan., a package consisting of a canvas-covered telescope containing moving-picture films. The package weighed fifty-five pounds and was valued at $600, the value being marked on the outside in plain figures. The package was received at Argonia on the following day. The appellee failed to call for it and the agent of the express company placed the package in its office, which was located in the depot of the Missouri Pacific Railway Company. Argonia is a town of about five hundred inhabitants; the depot was a frame building, constructed as such depots usually are in villages of that size, and consisted of three rooms, the freight room, the waiting room, and an office. The doors and windows were fitted with locks and fastenings, and the windows, in addition to the clamp hooks, were fastened by nails driven into the casing. The agent left the package in the inner room, or office. During the night of April 21 the depot was burglarized by some unknown person breaking the glass of one of the windows and effecting an entrance to the room where the package was left, and the package with its contents was stolen and carried away. The depot was located about five blocks from the main part of town, and no special watchman or police protection had ever been provided for it. It had been used for years for depositing freight and express matter, and United States mail received on late trains was left in the depot over night by direction of the United States post-office department. The jury returned a verdict in favor of the appellee in the sum of $600. The express company appeals.

The principal claim is that the court erred in refusing to set aside the verdict on the ground that it was not sustained by sufficient evidence and is contrary to law. It is argued that but one reasonable inference can be drawn from the undisputed facts, and that therefore

the question of negligence is one for the court. It is conceded by both sides that the relation of the appellant was that of a warehouseman, and its obligation was only to exercise ordinary care. The appellant's argument is that since the loss was the result of the burglary of a building, shown to be of the same kind and character as those used for depots by railroads and express companies in towns of the same size, and in which it was the practice of both railroads and express companies to leave their freight and express matter over-night, therefore, as a matter of law, it conclusively appears that the company exercised ordinary care.

It is a general rule in such cases that the degree of diligence or care required is a question of law for the court; but whether the bailee has exercised due care is a question for the jury, except in cases where but one reasonable inference can be drawn from the undisputed facts.

"It is for the court to determine the degree of diligence and care in the relation of bailor and bailee; but it is for the jury to determine under proper instructions whether the bailee has exercised due care." (5 Cyc. 220.)

What is due care must as a rule depend upon the circumstances of each case. For instance, greater care is required of express companies than of ordinary carriers, on account of the greater value of the goods usually shipped by express, and the same acts or omissions which might not be regarded as negligence in a railroad company might be considered negligence in an express company, where both are acting as warehousemen. (6 Cyc. 460, and cases cited.) A situation might be suggested where, under the undisputed facts, it would be the duty of the court to declare as a matter of law that due care had or had not been exercised. If, for instance, the transaction involved a sack of potatoes which it appeared the warehouseman had placed in an ordinary warehouse, the doors and windows of which

Filson v. Express Co.

were kept locked, a court might declare as a matter of law that ordinary care had been exercised. If, on the other hand, the property consisted of valuable jewelry or something of rare value which could be easily taken and readily disposed of or concealed, and which the warehouseman had left lying exposed in an ordinary warehouse, so situated that danger from burglars and thieves was apparent, the court might declare upon the facts that ordinary care had not been exercised; but we would regard these as exceptions to the general rule. The value of the property, the size and weight of the package and the liability of the place to be entered by thieves and burglars would all be circumstances to be taken into consideration by the jury in determining whether ordinary care had been exercised. The appellant cites the case of *Hutchinson v. Express Co.,* 63 W. Va. 128, where the facts were very similar to those in this case, and where the syllabus reads:

"The fact that a building in which a warehouseman stores goods is not burglar-proof is not evidence of negligence on his part, in an action against him for their loss by theft.

"Leaving an express package in the freight room of a railway station, at which the express office is maintained, instead of in a room thereof in which such packages are usually placed, neither continues or extends liability as carrier, nor amounts to negligence as warehouseman." (Syl. ¶¶ 10, 11.)

The express package in that case consisted of pelts which were to be manufactured into furs; its value was $128. There is nothing stated in the opinion as to the size of the package. Upon the facts the case seems to have been rightly decided, but the rule declared in the syllabus is stated too broadly. Whether ordinary care was exercised would depend largely upon the circumstances, such as the value of the package, its weight and size, and whether its value could be easily ascertained; and many other circumstances might alter the rule, such as the difficulty of concealing or disposing of it

by a person stealing it. If it were a piano or an iron safe, or something not easily taken or carried away, the fact that its value was $600 would not be important. But if that were its value, and it was a small package, easily carried away and concealed, it is obvious that the warehouseman would not be exercising ordinary care to leave it over night in the same place that a piano might be safely left. Thus, in *Hatchett & Bro. v. Gibson,* 13 Ala. 587, it was said:

"A man will not be expected to take the same care of a bag of oats as of a bag of dollars; of a bale of cotton as of a box of diamonds or other jewelry; of a load of wood as of a box of rare paintings." (p. 601.)

In the present case we can not say as a matter of law, on the undisputed testimony, that the express company exercised ordinary care. The package weighed fifty-five pounds and was about the size of an ordinary valise. Its value, $600, was marked on the outside, was known to the agent of the company, and could have been easily discovered by loiterers about the depot. From the evidence it appears that it was not difficult for any person to break the glass in the window, raise the sash and enter the room where the package was left. Whether persons in the exercise of ordinary care would have left it there over night, in a building which could be easily entered by burglars and which the evidence shows had been burglarized at least once before, to the knowledge of the express agent, was, under all the circumstances, a question for the jury.

It was also for the jury to determine whether the negligence of the company was the proximate cause of the loss. It was the proximate cause if the loss by burglary was the natural and probable consequence of the failure of the company to exercise ordinary care— that is, if it might have been foreseen by ordinary forecast. (*Railway Co. v. Parry,* 67 Kan. 515.) Besides, the finding that the company was negligent necessarily involved a finding that the loss was something

which a person in the exercise of ordinary care would have foreseen, and therefore was a finding that the negligence was the proximate cause of the loss.

The appellee was a competent witness to state his opinion of the value of the contents of the package. He had dealt in moving-picture films, was acquainted with the catalogue prices, and had purchased these particular films from the manufacturer.

The judgment is affirmed.