(November 12, 1913.)

# C. H. TROUSDALE, Appellant, v. WINONA WAGON CO. et al., Respondents.

[136 Pac. 372.]

PLEADINGS—VARIANCE—CONDITIONAL SALE—CHANGE OF POSSESSION—TRANSFER OF TITLE.

1. Where in an action in replevin the complaint alleges that the property claimed was "One 2¾ inch Winona wagon, complete with long or grain box or bed," and the proof showed that it was a three-inch wagon of the same make, *held*, that there was no error in the trial court permitting the plaintiff to amend the complaint to conform to the proofs, and that the defendant was not injured or prejudiced thereby.

2. Where a manufacturer of wagons delivers wagons to a retail dealer upon a conditional sale contract providing that the title shall remain in the vendor until the property is paid for, and it is stipulated therein that "if sales are made before payment, they shall be made only in the regular course of business, and their proceeds, whether in cash, book accounts or notes, are to be held as the property of the Winona Wagon Co., in trust as collateral security, for their benefit and subject to their order, etc.," *held*, that it was contemplated by such contract that the retailer would sell the property in the due course of business and that a sale by the retailer should carry with it the title to the property.

3. Courts will so construe conditional sale contracts made between manufacturers or wholesale dealers and retail dealers as to protect the purchaser and consumer who deals with the retailer and who has no notice or knowledge of the terms of the agreement or contract between the manufacturer or wholesaler and retailer.

4. Where a retail dealer sells a wagon to a purchaser and receives the purchase price and thereupon writes a card containing the words, "Sold to C. H. Trousdale," and places this notice on the wagon, and thereupon the wagon is left in the possession of the retailer, and before it is taken away by the purchaser a receiver takes charge of the property of the retailer, *held*, that in an action between the original vendor of the property on conditional sale contract and the purchaser from the retailer there has been sufficient change of possession to meet the requirements of sec. 3170, Rev. Codes.

5. *Held*, further, that under the facts of this case the manufacturer is not a creditor within the meaning and purview of sec. 3170 of the Rev. Codes.

APPEAL from the District Court of the Seventh Judicial District for Washington County.   Hon. Ed. L. Bryan, Judge.

Action to recover possession of personal property.   Judgment for defendant.   Plaintiff appealed.   *Reversed.*

Ed. R. Coulter, for Appellant.

No particular act or formal ceremony is necessary to make a delivery; any act with the intention to transfer possession and dominion is sufficient.   (35 Cyc. 187.)

There may be a complete delivery although the goods remain in the possession of the seller, if they are marked and set aside for the buyer.   (35 Cyc. 192.)   Especially if the goods are marked as belonging to the purchaser.   (*Robinson v. Berkey*, 111 Iowa, 550, 82 N. W. 972.)

If the goods are specific, whether the contract of sale is executed or executory depends solely on the intention of the parties.   (*Carlson v. Crescent Woodenware & Box Mfg. Co.*, 20 Ida. 794, 120 Pac. 460; *Idaho Implement Co. v. Lambach*, 16 Ida. 497, 101 Pac. 951.)

The most that is demanded is that there shall be such a delivery and change of possession as may be practicable in view of the character and situation of the property, and very slight acts will be sufficient where the sale is in good faith.   (*Stinson v. Clark*, 6 Allen (Mass.), 340; 35 Cyc. 308.)

The question as to whether or not there has been a sufficient delivery and change of possession is ·ordinarily one for the jury. (35 Cyc. 310; *Carlson v. Crescent Woodenware & Box Mfg. Co., supra; Idaho Implement Co. v. Lambach, supra.*)

Respondents are estopped from claiming title to this property as against an innocent purchaser who obtained the same in due course of business at retail from the apparent owner, the Roy White Company. (*Peasley v. Noble,* 17 Ida. 686, 134 Am. St. 270, 107 Pac. 402, 27 L. R. A., N. S., 216.)

Lot L. Feltham, for Respondents, files no brief.

AILSHIE, C. J.—This is an appeal from a judgment of nonsuit against the plaintiff. The action was commenced in claim and delivery for the recovery of a farm wagon. After plaintiff introduced his evidence, defendant moved for a nonsuit which was granted by the court. Judgment was thereupon entered dismissing the action.

The contention of appellant is that sufficient evidence was introduced to entitle his case to be submitted to the jury. The respondent in reply thereto and in support of the action of the trial court insists that the judgment should be sustained for two reasons: first, on account of a material variance between the pleadings and proofs; and, second, insufficiency of the proofs to make a prima facie case. The contention made under the first ground is that the complaint alleged that the wagon which was sought to be recovered was a "One 2¾ inch Winona wagon complete with long or grain box or bed," while the proof showed that it was a three-inch Winona wagon. It is true that the evidence described a different wagon from the one described in the pleading, but this was not such a variance as to mislead and prejudice the defendant. The court properly allowed the plaintiff to amend his complaint to conform with the proofs. (Secs. 4225 and 4226, Rev. Codes; *Pennsylvania etc. Min. Co. v. Gallagher,* 19 Ida. 106, 112 Pac. 1044; *Maw v. Coast Lum-*

*ber Co.,* 19 Ida. 407, 114 Pac. 9.)   Had the defendants requested it and shown the necessity therefor, the court would undoubtedly have granted such a continuance as might have been necessary to enable them to secure any other or different proofs available for their defense that they did not have to meet the original description.   (Sec. 4226, Rev. Codes.)   This would not have afforded any ground for a nonsuit.

As a matter of fact, it appears from the record that the trial court granted the nonsuit on account of insufficiency of the evidence.   The material facts shown are briefly as follows: The Roy White Co-operative Mercantile Co. was engaged in business at Weiser and purchased from the Winona Wagon Co. of Winona, Minn., a shipment of wagons under what is commonly designated a conditional sale contract.   These wagons were not paid for.   On about January 23, 1912, the appellant hauled to the town of Weiser a quantity of alfalfa seed, and after considerable negotiation sold the same to the Roy White Co. for the sum of $420, and took in payment therefor the wagon in controversy at the price of $135, and the company agreed to send appellant on the following week a check for the sum of $265 and to give him a credit on their books of $20, which was to be traded out in their store.   The appellant was not going directly home from Weiser and was not prepared to take the wagon with him, so Roy White, manager of the Roy White Co., "went to the office and got a tag and marked on it 'Sold to C. H. Trousdale,' and fastened it to the wagon."   He testified that he marked it in "big letters" and put it on the wagon.   Appellant asked White if he could not leave the wagon there somewhere until he could attend to some business he had to see about and return with his team to take the wagon home.   It was accordingly agreed to and the wagon was left labeled as above indicated. Soon after this transaction the Roy White Co. failed and a receiver was appointed to take charge of the business and property of the company.   Immediately thereafter the Kerr Hardware & Implement Co. of Boise, which was the Idaho representative of the Winona Wagon Co., sent an agent to

Weiser and demanded possession of this wagon and were informed that the wagon belonged to Trousdale, but they insisted on taking the wagon and did take it from the possession of the receiver, claiming it as the property of the Winona Wagon Co. Appellant thereupon commenced this action. The proofs show substantially the foregoing facts.

The clause of the contract under which the Winona Wagon Co. claims this wagon and over which the chief controversy arises is clause No. 8 of the contract, which reads as follows:

"The title to and ownership of all goods shipped under this contract shall remain vested in the Winona Wagon Co., unless at their option it shall be expressly waived in writing, and the goods are to be held at all times subject to their order until paid for; and if sales are made before payment, they shall be made only in the regular course of business, and their proceeds, whether in cash, book accounts or notes, are to be held as the property of the Winona Wagon Co., in trust as collateral security, for their benefit and subject to their order, until all the obligations arising under or provided for in this contract are fully paid in money, or until full settlement is made at the net prices herein specified. It is further agreed that notes taken by the Winona Wagon Co. are not accepted as payment."

It is apparent from this contract that it was the intention of both the Winona Wagon Co. as vendor and the Roy White Co. as vendee that the title to this property should remain in the vendor until the purchase price should be fully paid. On the other hand, it is equally clear that both parties understood that the Roy White Co. was purchasing these wagons for sale in a retail business and that the purchaser of a wagon would take title to the same.. We must assume that the parties to this contract were dealing in good faith and that they did not intend to cheat or defraud anyone who might buy a wagon from the Roy White Co. It would follow, therefore, that it was the intention that the local dealer might sell the property in due course of business and give a good title to it, and it must have been for that very

reason that it was stipulated in the contract of sale as follows: "And if sales are made before payment, they shall be made only in the regular course of business, and the proceeds, whether in cash, book accounts or notes, are to be held as the property of the Winona Wagon Co., in trust as collateral security, for their benefit and subject to their order," etc. In other words, it was stipulated and agreed that when the Roy White Co. should sell any wagon, that the proceeds realized from the sale should be held by them as the property of the Winona Wagon Co. and in trust for that company. It was certainly not intended that the Winona Wagon Co. should retain title to a wagon which the Roy White Co. might sell at retail and also take title to the purchase price for the wagon. It was rather the intention to substitute the purchase price for the wagon itself and that the Roy White Co. should hold that in trust for the Winona Wagon Co., and that in the meanwhile the title to the wagon should have passed from the Winona Wagon Co. through the Roy White Co. as its agent for such purpose to the purchaser at retail. This is the view taken by this court in *Peasley v. Noble,* 17 Ida. 686, 134 Am. St. 270, 107 Pac. 402, 27 L. R. A., N. S., 216. In that case this court said:

"Where the vendee of property under conditional sale is vested with the power to sell such property and deliver the proceeds to the vendor, a purchaser in good faith is under no obligation to follow the purchase price and see that it is delivered by the agent to the original vendor."

Courts will not place such a construction on these conditional sale contracts made between manufacturers or wholesale dealers and local retail dealers as to enable either the wholesaler or retailer to perpetrate a fraud on purchasers who deal with such retailers in the due and regular course of business. These companies cannot hold the title for the purpose of protecting themselves and at the same time place it in the power of the retailer to deal with the property in such a manner as to deceive a purchaser and thereby cheat and defraud the local consumers for the purpose of enabling

manufacturers or wholesale dealers to load up the retailers with a lot of these goods on conditional sale contracts.

It appears that the trial court considered that there had been no change of possession of this wagon sufficient to meet the requirements of sec. 3170, Rev. Codes. That section provides as follows:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer."

It would be sufficient for our present purpose to observe that this question is not raised by a creditor within the meaning of the foregoing section of the statute. The Winona Wagon Co. does not fall within the purview of a creditor as designated in that statute but rather claims to be the owner of the property itself, in which case this statute does not apply. It should be remembered, however, that the appellant did everything toward taking actual possession of this wagon that could be done except to actually remove it from the premises and place of business of the Roy White Co. The price was agreed upon and paid, and the wagon was labeled "Sold to C. H. Trousdale." In other words, it was there marked or branded as the property of the appellant. If a man goes to a store and buys a pair of shoes and has them wrapped up and his name written upon the package and pays the purchase price, and then leaves them in the store while he goes somewhere else to do an errand, he certainly has not thereby lost the right to the title and possession of the shoes. There has been a sale and transfer

and change of possession and the firm from which the purchase has been made is thereafter only a bailee of the goods so purchased. (Sec. 3331, Rev. Codes; *Strong v. Morgan,* 8 Ida. 269, 67 Pac. 1123.)

The appellant made at least a *prima facie* case and was entitled to have it submitted to the jury. (*Later v. Haywood,* 12 Ida. 78, 85 Pac. 494.)

The judgment should be reversed, and it is so ordered, and the cause is remanded for a new trial. Costs awarded to appellant.

Sullivan and Stewart, JJ., concur.

Petition for rehearing denied.