(July 30, 1921.)

## G. M. CRABILL, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[200 Pac. 121.]

COMMON   CARRIER—LIVESTOCK—NEGLIGENCE—SHIPPER—CONTRACT   TO
   FEED AND WATER—MOTION TO INSTRUCT VERDICT.

   1. In an action by a shipper against a carrier for damages for the loss of livestock unloaded for feed and water the carrier has a right to show as a part of its defense a contract with the shipper providing that, "The shipper will, at his own risk and expense, load, unload, care for, feed and water the stock until delivery of same to consignee at destination, and will furnish to go with the stock for that purpose, one or more attendants."

   2. A motion to instruct the jury to return a verdict for defendant ought to be granted when, at the close of all the evidence, the plaintiff has shown nothing that tends to establish the facts that constitute his cause of action.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. H. F. Ensign, Judge.

Action for damages for loss of livestock. Judgment for plaintiff. Defendant appeals. *Reversed.*

Geo. H. Smith and H. B. Thompson, for Appellant.

An answer setting up that in consideration of a reduced freight rate the shipper and carrier entered into an agreement that the shipper should assume the duty to load, unload, reload, feed, water, tend and care for sheep at his own risk during the entire transportation states a lawful defense and is not subject to demurrer. (*Webster v. Union Pac. R. Co.*, 200 Fed. 597.)

Where the shipper assumes the responsibility for stock while off cars, he alone is responsible for failure to reasonably and properly protect the same. (Michie on Carriers, secs. 1755, 1756; *Heller v. Chicago & G. T. Ry. Co.*, 109 Mich. 53, 63 Am. St. 541, 66 N. W. 667; 4 R. C. L. 731;

*St. Louis, I. M. & S. R. R. Co. v. Hudgins Produce Co.*, 118 Ark. 398, 177 S. W. 400; *Nunnelee v. St. Louis, I. M. & S. R. R. Co.*, 145 Mo. App. 17, 129 S. W. 762; *Currie v. Seaboard Air Line R. Co.*, 156 N. C. 432, 72 S. E. 493.)

Paul S. Haddock and E. D. Reynolds, for Respondent, filed no brief.

DUNN, J.—This action was brought by respondent to recover damages claimed to have resulted from the negligence of appellant in leaving open the gates of its feed lots in Shoshone, Idaho, and permitting sheep belonging to the respondent to escape from said lots and be lost. Appellant denied the acts of negligence charged by the respondent and by way of defense set up a contract between appellant and respondent containing this provision: "The shipper will, at his own risk and expense, load, unload, care for, feed and water the stock until delivery of same to consignee at destination, and will furnish to go with the stock for that purpose, one or more attendants."

On motion of respondent the court struck out all reference to this contract, and in doing so erred. Appellant had a right to show, if it could, the making of such a contract between it and the respondent, and if so made such contract would be binding upon respondent. (*Lane v. Oregon Short Line R. R. Co. ante,* p. 37, 198 Pac. 671, and cases cited; Michie on Carriers, sec. 1755.)

Respondent, however, introduced said contract as a part of his case and showed by his own testimony that he accompanied the shipment and received the sheep and unloaded them for feed and water at Shoshone.

At the close of the case appellant moved the court to instruct the jury to return a verdict in favor of appellant on several grounds, the first of which was: "That there is no evidence that the defendant was guilty of any negligence or breach of duty alleged in the complaint," which motion the court erroneously denied. It is not necessary to pass upon any other ground included in said motion, for there

is a total lack of evidence in the record to sustain the charge of negligence made by respondent. The motion should have been granted.

The judgment is reversed and the trial court directed to dismiss the action. Costs awarded to appellant.

Rice, C. J., and Budge, Lee and McCarthy, JJ., concur.