(November 27, 1926.)

ALFRED ROSENDAHL, Appellant, v. LEMHI VALLEY BANK, a Corporation, Respondent.

[251 Pac. 293.]

TRIAL — DIRECTED VERDICT — BAILMENT — BANK'S LIABILITY FOR PROPERTY IN SAFETY DEPOSIT BOX—CASHIER'S PROMISE OF RESTITUTION.

1.  Motion to instruct return of verdict for defendant is properly granted when, at close of all the evidence, plaintiff has failed to establish facts necessary for his cause of action.

2. Relationship between bank and renter of safety deposit box in its vault is that of bailment.

3. Bank, being bailee for hire of property in safety deposit box hired of it, is required to exercise over it the care which an ordinarily prudent person would take of his own property, and is not insurer against theft.

4. After depositor in safety deposit box rented of bank has shown the bailment, and bank has shown its inability to return the property because of robbery, depositor has burden of showing bank did not exercise the required degree of care.

5. Statement by bank's cashier to depositor in hired safety deposit box in bank's vault, by way of promise to pay for property stolen therefrom, was mere expression of opinion, and would not affect bank's liability.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action to recover certain Liberty bonds, or their value. Judgment for defendant. *Affirmed.*

L. E. Glennon, for Appellant.

Gratuitous bailees of another's property are not responsible for its loss unless guilty of gross negligence in its keeping. (*Preston v. Prather,* 137 U. S. 604, 11 Sup. Ct. 162, 34 L. ed. 788; *Gray v. Merriam,* 148 Ill. 179, 39 Am. St. 172, 35 N. E. 810, 32 L. R. A. 769.)

The question of whether or not the bonds were stolen, and also the question of whether or not the defendant exercised such care as the court might determine necessary to relieve it from liability, were questions of fact to be submitted to the jury. (*Gray v. Merriam, supra; Preston*

Publisher's Note.

1. See 26 R. C. L. 1076.

4. Liability of bank for loss of contents of safety deposit boxes by theft, see note in 26 A. L. R. 253, 259. See, also, 3 R. C. L. 116.

See Bailments, 6 C. J., secs. 160, p. 1160, n. 97; p. 1161, n. 2.

Trial, 38 Cyc., p. 1579, n. 45.

Warehousemen, 40 Cyc., p. 404, n. 53; p. 427, n. 62; p. 429, n. 62; p. 430, n. 70; p. 434, n. 97; p. 470, n. 1; p. 478, n. 31 New.

*v. Prather, supra; The New World v. King,* 57 U. S. (16 How.) 469, 14 L. ed. 1019; *Milwaukee & St. Paul Ry. Co. v. Arms,* 91 U. S. 489, 23 L. ed. 374.)

Whitcomb, Cowen & Clark, for Respondent.

The only contract was that of hire; the defendant bank, as bailee, was not an insurer against burglary and theft, and having exercised every reasonable precaution to safeguard the safe and its contents, cannot be held liable for the loss of the bonds resulting from burglary and theft. (*Firestone Tire & Rubber Co. v. Pacific Transfer Co.,* 120 Wash. 665, 208 Pac. 55, 26 A. L. R. 217, and note, 223.)

The final burden is on the bailor to prove negligence, not on the bailee to prove due care. (*Sanford v. Kimball,* 106 Me. 355, 138 Am. St. 345, and note, 76 Atl. 890; 4 Cal. Jur. 142, sec. 24; 27 R. C. L. 1002, sec. 64; *Kohlsaat v Parkersburg & Marietta Sand Co.,* 266 Fed. 283, 11 A. L. R. 686, and note, 690.)

Any testimony from which it could be inferred that there was a promise to pay on the part of the respondent would have no weight or bearing. (*Knights v. Piella,* 111 Mich. 9, 68 Am. St. 375, 69 N. W. 92; *Schermer v. Neurath,* 54 Md. 491, 39 Am. Rep. 397.)

A directed verdict for the respondent was the proper procedure. (4 Cal. Jur. 43; *Wylie v. Northampton Nat. Bank,* 119 U. S. 361, 7 Sup. Ct. 268, 30 L. ed. 455; *Perera v. Panama-Pacific Inter. Exposition Co.,* 179 Cal. 63, 175 Pac. 454; *Wilson v. Southern Pac. R. Co.,* 62 Cal. 164.)

BUDGE, J.—This action was brought by appellant to recover from respondent bank certain Liberty bonds, or the value thereof, alleged to have been deposited with the bank for safekeeping and as a special deposit. The cause was tried to the court and a jury, and after evidence had been introduced by both sides the court directed the jury to return a verdict for respondent. From the judgment entered on the verdict so returned an appeal has been prosecuted.

[1]   The main question for determination is whether the
court erred in not submitting the case to the jury. *In limine,*
a motion to instruct the jury to return a verdict for de-
fendant ought to be granted when, at the close of all the
evidence, plaintiff has failed to establish facts necessary to
maintain his cause of action. (*Crabill v. Oregon Short Line
R. R. Co.,* 34 Ida. 251, 200 Pac. 121; *Bowman v. Bohney,*
36 Ida. 162, 210 Pac. 135; *In re Casper's Estate,* 172 Cal.
147, 155 Pac. 631.) And while appellant has denominated
his cause of action as one in claim and delivery, wherein
the right to the possession of property is the main issue,
whatever name or designation might be given to the action
is immaterial in the light of the facts shown.

Appellant testified in substance that in the month of
September, 1920, he delivered certain Liberty bonds, to
the amount of $1,700, to respondent bank for safekeeping,
and that they were placed in a safety deposit box rented
by him and to which he was given a key; that he was told
by the officer with whom he left the bonds that the bank
had a new steel vault and that the bonds would be safe
therein, with which statement appellant was satisfied; that
the bonds remained in the safety deposit box in the vault
up until the time of a robbery of the bank, with the excep-
tion of an occasion about a month prior thereto, when the
box was taken out of the vault and coupons clipped from
certain of the bonds which were thereafter missing; that,
hearing of the robbery, appellant went to the bank, finding
the door broken and papers strewn about the floor, and in
the afternoon of the same day he talked with the cashier,
who told him that two of his bonds had been located, and
about a month after this was told by the cashier that the
bank would make good for the missing bonds. Appellant
was the only witness who testified in his behalf.

The evidence on behalf of respondent was to the effect
that the bank had a large safe, with swinging doors of steel
construction, controlled by a combination lock, wherein a
number of safety deposit boxes were kept for the use of
customers, together with books and papers of the bank; that

appellant had arranged for the use of one of the boxes and was given a key thereto, the bank also having a key with which to open the box; that the custom was to hand out to a customer the particular box of which he had the use, when it was asked for, the bank keeping no record of what was contained in the box and its only supervision of the boxes being to keep the same in the vault and to hand them out when asked for; that on one occasion when interest was due on some of his bonds the box of appellant was taken out and opened for him and certain coupons clipped; that the bank was burglarized on the night of July 18, 1921, the safe broken into by blowing open the doors, and the safety deposit boxes pried open and piled up on the floor, the one rented by appellant being found empty; that the safe had been locked as usual at the close of business on the day before the burglary was discovered, and the doors and windows of the bank building locked and fastened. ' Witnesses who resided in close proximity to the bank testified to hearing hammering and pounding in the bank building on the night of the burglary, one of them who lived next door stating that two persons wearing masks came into his room at the time and bound and gagged him, and another, that he observed three men come out of the bank.

[2] It is clear that the relationship existing between the parties herein was one of bailment, and that their rights must be determined in accordance with the rules of law applicable in such cases. (*Young v. First Nat. Bank*, 150 Tenn. 451, 265 S. W. 681, 40 A. L. R. 868, and extensive note, p. 874, citing cases from many jurisdictions; *Perera v. Panama-Pacific Inter. Exposition Co.*, 179 Cal. 63, 175 Pac. 454.)

[3] Being a bailment for hire, the degree of care which respondent bank was required to exercise over the property entrusted to it by appellant was that which an ordinarily prudent person would take of his own property of like description, and the bank could not be said to be an insurer of such property against theft, if it exercised such care. (*Strong v. Morgan*, 8 Ida. 269, 67 Pac. 1123;

*Morgan v. Citizens' Bank,* 190 N. C. 209, 129 S. E. 585, 42 A. L. R. 1299; *Young v. First Nat. Bank, supra; Mayer v. Brensinger,* 180 Ill. 110, 72 Am. St. 196, 54 N. E. 159; *Webber v. Bank of Tracey,* 66 Cal. App. 29, 225 Pac. 41.)

[4] After appellant had proved the bailment and respondent bank had shown the cause of its inability to return the property to be on account of its loss by theft, the burden was upon appellant to show that the bank had not exercised the degree of care required of it (6 C. J. 1160, 1161), but the record discloses an utter lack of such affirmative proof.

[5] Whatever statement may have been made by the cashier of the bank, in the way of a promise to repay appellant for the loss of his bonds, was a mere expression of opinion, and would not affect the bank's liability. (*Schermer v. Neurath,* 54 Md. 491, 39 Am. Rep. 397, 402; *Knights v. Piella,* 111 Mich. 9, 66 Am. St. 375, 69 N. W. 92.)

In the circumstances, appellant having failed to establish facts necessary to a recovery by him, the court was without error in directing a verdict for respondent. In this view it is unnecessary to discuss other questions raised by appellant.

Judgment affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.