(No. 5468.   July 8, 1930.)

PHILOMENF SERVEL, Administratrix of the Estate of PIERRE SERVEL, Deceased, and PHILOMENE SERVEL, Appellant, v. HENRY L. CORBETT and FRANK M. BRESHEARS, United States Marshal for the District of Idaho, Respondents, and ISAAC McDOUGALL, Trustee in Bankruptcy of the Estate of XAVIER SERVEL, Bankrupt, Respondent.

[290 Pac. 200.]

538

Merrill & Merrill, for Appellant.

Bissell & Bird, for Respondents.

McNAUGHTON, J.—This is an action for damages growing out of the alleged conversion of 267 head of cattle, claimed to have been the property of the plaintiff at the time they were sold by the United States marshal in satisfaction of a judgment against Xavier Servel, brother of the plaintiff's deceased husband. At the trial the court directed a verdict for the defendant upon which judgment was entered. The appeal is from that judgment.

There are two preliminary motions. The appellant, before argument, moved to file an amendment to her specifications of error, thereby pointing out more in detail wherein the evidence introduced upon the trial was sufficient and of such nature in point of raising fact issues as to require the submission of the case to the jury. This practice should not be encouraged. However, the case is such that the entire record must be carefully examined and the points raised by the original assignments will be considered with the aid of the amendment.

The respondent, after submitting the case on argument, moves to dismiss on the ground that the appeal is in effect an appeal from a final order which is reviewable only upon the papers required by C. S., sec. 7163. We

cannot take this view. Where a judgment is entered upon a directed verdict the transcript, as settled in this case, becomes the record on appeal. (C. S., secs. 6879, 7163.)

The record discloses that prior to 1925, Pierre Servel, the deceased husband of the appellant, and his brother, Xavier Servel, were extensively engaged in the livestock business. They were not partners but there was a family relation between them extending into business matters. In this business they pastured the same range. They used the same branding iron. Their banking accounts were individual and separate, but used one by the other. At least Xavier Servel was permitted and did use large sums of Pierre's money by Pierre's permission to buy cattle branded in the fashion Xavier's cattle were branded.

There is no recorded brand in evidence and neither party attempts to rely on a brand as evidence of ownership. It is referred to only as a distinguishing mark. The cattle Pierre purchased for the range were branded circle PS on the left hip and shoulder, and those Xavier purchased were branded circle PS on the right ribs.

In the fall of 1925 the Servels, each for himself, purchased with borrowed money a considerable number of range cattle, mainly steers. Both had borrowed large sums of money individually for this purpose. Pierre Servel had borrowed $20,000, which was later repaid, mostly by his widow. Xavier borrowed a large sum also. The record as to the foregoing is so clear that the questions presented must be considered in view of this background of facts.

Appellant contends the evidence received was sufficient to warrant submitting the case to the jury; also that the court erred in excluding certain evidence offered. We shall first consider the assignments complaining of the rejection of testimony.

Appellant offered to testify she owned the identical cattle sold. This was excluded as a legal conclusion. We think the ruling was correct. While a statement or testimony that one owns specific property may sometimes be

treated as an ultimate fact, such is not the case where the very issue on trial is such ownership. (*O'Farrell v. O'Farrell*, 56 Tex. Civ. App. 51, 119 S. W. 899; *Pichler v. Reese*, 171 N. Y. 577, 64 N. E. 441.) Where the issue is as to title, such all-embracing conclusion could be of no possible probative value of assistance in the trial.

██ Error is predicated upon the court sustaining an objection to a question propounded to the witness Henderson. After the witness had testified that prior to September 25, 1925, there were about 100 head of cattle on the Servel ranch, that other cattle were brought in subsequently but he did not know how many, the following question was asked him: "Whereabouts on the animals were these animals branded with the circle PS?" This was objected to as an attempt to prove ownership by brand without first establishing ownership of brand. The objection was sustained. The trial judge remarked that he viewed the purpose of the question to be proof of ownership by brand. Counsel for appellant stated such was not his purpose; that the purpose was to only prove a distinguishing mark. No offer of proof was made. If an offer had been made to show certain cattle had, upon arrival at the ranch, been branded or marked in a certain way the proof would have been competent and material as an identification mark. (*State v. Grimmett*, 33 Ida. 203, 193 Pac. 380.) In the absence of a clearer offer of proof, however, we cannot say there was prejudicial error in sustaining the objection. (*Herring v. Davis*, 47 Ida. 211, 273 Pac. 757.)

██ Error is predicated upon the trial court sustaining an objection to the following question propounded to the witness Xavier Servel: "Was there any understanding with reference to the cattle branded circle PS on the right ribs between you and your brother?" The testimony elicited by this question was not rendered incompetent by the provisions of C. S., sec. 7936, as a communication not in writing with a deceased person. That section applies only in an action against the personal representative of the deceased person.

But it appears to be an attempt to prove ownership by a brand not established as provided by C. S., sec. 1920. In the absence of an offer of proof to the contrary we cannot say it was prejudicial error to reject the testimony, although its incompetency was upon grounds other than those urged by respondents. (*Valentine v. Rosenhaupt,* 19 Ida. 130, 112 Pac. 685; *Careaga v. Moore,* 70 Cal. App. 614, 234 Pac. 121.)

Error is predicated upon the trial court's refusal to permit the witness Xavier Servel to relate a conversation between himself and appellant relative to the checks upon Pierre Servel's bank funds, used by Xavier in purchasing cattle in the Raft River country. He had a right to relate under oath in court what the facts relative to that matter were. However, what he may have told the appellant we think quite immaterial.

It is claimed the court erred in refusing in evidence an unrecorded bill of sale reciting the sale of the cattle in question by Xavier Servel to appellant for a consideration of $8,000, dated May 25, 1926. This it appears was ten days after the cattle were put upon the range. Such a bill of sale of range cattle did not comply with the requirements of C. S., sec. 1929, so as to effect a range delivery; and a bill of sale unrecorded, not accompanied by a change of possession, is void as to creditors of the grantee under C. S., sec. 5434. There was no error in this ruling. This bill of sale not being recorded or accompanied by a change of possession was void as to this creditor of Xavier Servel and could not be received in evidence in this action as a quitclaim or for other purpose. (*Sweetland v. Oakley State Bank,* 40 Ida. 726, 236 Pac. 538.)

The only evidence offered by the appellant as to what became of the 600 head of cattle purchased and branded by Xavier, in addition to the 300 claimed to have been purchased by him with Pierre's funds, was the answer given by Xavier Servel in response to the question: "What became of the cattle, Mr. Servel, which you purchased with

the checks which Mr. Bissell handed to you?'' Answer: "Shipped them.'' The court on motion struck this answer. It is claimed this was error. No offer of proof was made. The answer was evasive and meaningless. We think in the absence of any offer of proof there was no error in striking this evasive answer. Inasmuch as the Servels commingled their cattle it was quite material what disposition, if any, had been made by Xavier of his cattle, but appellant offered no enlightenment as to this matter.

Error is predicated upon the receipt in evidence of a letter and tax statement as impeaching or contradicting the testimony of the appellant. It was not competent as impeaching testimony because it was not a statement of the appellant or any of her witnesses, nor acquiesced in by her. For any other purpose it was hearsay. However, contradictory or impeaching testimony cannot be considered and is not considered either by the trial court or on appeal in ruling on motion for directed verdict.

The fundamental objection is that upon the evidence offered at the trial there was raised a vital issue of fact in the determination of which the appellant was entitled to the verdict of the jury.

A directed verdict has the same effect as an order granting a motion for nonsuit, in that it admits the truth of the adversary's evidence and every inference of fact that may be legitimately drawn therefrom, but this rule in case of a directed verdict must be applied in the light of other facts which the record establishes beyond controversy.

Appellant, to make a case, relied upon, First: The bill of sale, which we think was properly rejected. Second: Upon a title resulting from the use of Pierre's funds by Xavier Servel in the purchase of 300 head of cattle in the fall of 1925. Xavier that fall purchased 900 head. The cattle in question are not in any manner distinguished by the evidence from the 600 purchased with money other than Pierre's funds. Third: That just prior to this sale the cattle in question were being cared for by appellant's em-

ployes, and fed hay purchased with her funds. While this is evidence of a substantial claim against the real owner of the cattle, we think it cannot be regarded as evidence of ownership.

The burden was upon appellant to identify the cattle in question as hers or prove she was entitled to a certain number of those commingled. We think the testimony offered does not sustain this burden.

A compelling circumstance developed by respondent's testimony against any claim of appellant is the fact not contradicted or explained that more than 300 head of the cattle purchased by Xavier Servel in the fall of 1925 were taken by appellant exclusive of those in controversy.

We cannot find the court committed error in rejecting any testimony proffered by appellant. The whole testimony on behalf of appellant instead of clarifying was notably confusing. We do not think the evidence offered in support of her claim of ownership in the cattle sold sufficient to sustain a verdict or judgment in her favor. This being so it was the duty of the trial court to instruct the jury to return a verdict for defendant. (*Holt v. Spokane etc. Ry. Co.*, 4 Ida. 443, 40 Pac. 56; *Crabill v. Oregon Short Line R. R. Co.*, 34 Ida. 251, 200 Pac. 121; *Rosendahl v. Lemhi Valley Bank*, 43 Ida. 273, 251 Pac. 293.)

Judgment is affirmed, with costs to respondents.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.