321 P.2d 604

John S. CARSON and Lola B. Carson, Husband and Wife, Plaintiffs-Appellants,

v.

George A. BYE, Defendant-Respondent.

No. 8515.

Supreme Court of Idaho.

Feb. 6, 1958.

J. F. Martin, C. Ben Martin, Boise, for appellants.

Meek & Miller, Caldwell, for respondent.

McQUADE, Justice.

This is an action against a bailee for the value of property allegedly lost due to negligence.

Appellants (plaintiffs) brought this action against the respondent (defendant), a house mover, for loss of personalty from their rented home. The home was rented from Harry Olson, who contracted with the respondent to move the house. Olson advised respondent that appellants were renting the house, and that it contained their possessions therein; the nature and extent of the household goods were never discussed. Appellants did not physically reside in the premises during the removal, but did enter thereon to remove a few items from time to time. The doors and windows of the house were locked by appellants before respondent commenced work.

Some time during the period when respondent was working in and around the house, a window had been left unlocked, a window replaced by respondent, and the front door left unlocked. There were footprints and dirt leading from the window and the front door to both floors of the residence, but the evidence fails to establish the maker of the prints.

A long list of personal property was removed from the home, by persons unknown to appellants, during the time of relocation; and they contend such loss was sustained through the negligence of respondent. A few missing items were recovered in the bunkhouse which was used by respondent and his employees. However, the appellants were unable to make proof as to who had stolen the personalty.

Respondent denied that he had any liability, and at the end of the appellants' proof, he made a motion for nonsuit on several grounds, including the ground that the appellants had failed to establish by the evidence any negligence on behalf of the respondent or any breach of duty. The trial judge granted the motion for nonsuit on the ground that appellants had failed to establish that their loss of property was due to any negligence on the part of the respondent.

"A motion for a nonsuit presents a question of law, as to whether the evi-

dence, viewed in the light most favorable to the plaintiff, with all the reasonable inferences properly deducible therefrom, presents a prima facie case entitling the plaintiff to have the issues submitted to the jury. * * *" Julien v. Barker, 75 Idaho 413, 272 P.2d 718, 722.

See also Manion v. Waybright, 59 Idaho 643, 86 P.2d 181. Under the rule of favorably construing the evidence in favor of the party resisting the motion for nonsuit, it must be considered that an omission of a duty or failure to use ordinary care would be a negligent act.

■■ As a mover of the house for hire, respondent was also a bailee for hire in possession of the property of appellants. 6 Am.Jur., Bailments, sec. 22, p. 186. Under the facts proved, it appears the bailment was for the convenience of respondent, who would be required to use at least ordinary care while having the property in his possession and under his control. Failure to exercise ordinary caution in the protection of the property, and loss of the property because of such failure, would make the bailee liable for its loss.

In the case of Rosendahl v. Lemhi Valley Bank, 43 Idaho 273, 251 P. 293, 294, this Court said:

"Being a bailment for hire, the degree of care which respondent bank was required to exercise over the property intrusted to it by appellant was that which an ordinarily prudent person would take of his own property of like description, and the bank could not be said to be an insurer of such property against theft, if it exercised such care. Strong v. Morgan, 8 Idaho 269, 67 P. 1123; Morgan v. Citizens' Bank, 190 N.C. 209, 129 S.E. 585, 42 A.L.R. 1299; Young v. First Nat. Bank, supra [150 Tenn. 451, 265 S.W. 681, 40 A.L.R. 868]; Mayer v. Brensinger, 180 Ill. 110, 54 N.E. 159, 72 Am.St. 196; Webber v. Bank of Tracey, 66 Cal.App. 29, 225 P. 41."

See also Glover v. Spraker, 50 Idaho 16, 292 P. 613.

For a further analysis of the Idaho cases on bailment, burden of proof, and presumptions, an objective analysis is to be found in Bell, Handbook of Evidence for the Idaho Lawyer (1957), pp. 223–225.

■ Appellants allege respondent was negligent in that he had committed certain acts, to wit: Leaving a door unlocked and leaving a window unlocked. Respondent's conduct is to be presented to a jury to determine whether such acts constituted negligence, and were the proximate cause of the loss. The questions of negligence and proximate cause are for the jury to determine, under instructions of the Court. Ford v. Connell, 69 Idaho 183, 204 P.2d 1019; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Stowers v. Union Pac. R. Co., 72 Idaho 87, 237 P.2d 1041; Jack-

man v. Hamersley, 72 Idaho 301, 240 P.2d 829; Hayward v. Yost, 72 Idaho 415, 242 P.2d 971; Filson v. Pacific Express Co., 84 Kan. 614, 114 P. 863.

In disposing of the question whether the conduct of respondent would support a verdict, we refer to Hoffman v. Coughlin, 26 Misc. 24, 55 N.Y.S. 600, 601. In that case, the plaintiff had left his bicycle with defendant for repairs, and the bicycle was stolen. The trial court directed a verdict for the defendant, and the supreme court, appellate term, reversed the judgment. It stated:

"* * * [an] important fact seems to have been overlooked by the justice in his disposition of the case, which was properly within the province of the jury. We refer to certain testimony introduced by the plaintiff from which it might be inferred that the alleged burglary was due to the want of such care as a prudent man would have taken of his property under similar circumstances. * * * To particularize, it appears from the defendant's own testimony that the rear door, through which the burglarious entry was effected, was kept closed, not by a regular lock, but by means of a screwdriver passed through two hasps, while from certain other testimony there is left in dispute the question as to whether the gate leading to the alleyway in the rear of the premises was perma-nently closed or not. It was, therefore, error not to send the case to the jury * * *."

It was error to grant the nonsuit. The case is remanded for trial in conformity with the views herein.

Costs to appellant.

KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.