JACOB BIRNBAUM *vs.* BENJAMIN W. CROWNINSHIELD, trustee.

Suffolk.  Jan. 9. — May 9, 1884.  DEVENS & HOLMES, JJ., absent.

An objection to a ruling, that an action cannot be maintained under the declaration, is done away with by the allowance of an amendment to the declaration.

The allowing an old, defective, and decaying plank sidewalk, along one side of a private way, to remain contiguous to the rear of premises which have been under lease for several years, with no means of access from the premises to the sidewalk, will not render the owner of the premises and of the land under the sidewalk liable to an action for personal injuries sustained by one passing over the sidewalk, in consequence of its defective condition; and the fact that, four years before the accident, the owner of the premises removed a fence and a portion of the sidewalk, where the same encroached upon his adjoining land, on to the line of the way, is immaterial.

TORT.  The declaration alleged that the defendant was the owner of certain property situated upon Willard Place, a private

way leading from Washington Street in Boston, which the defendant was bound to keep in repair; that the plaintiff occupied a tenement on Willard Place, and was obliged to travel over said way in going to and from his home; that the way was negligently suffered by the defendant to be out of repair, whereby the plaintiff, while lawfully travelling thereon, and while in the exercise of due care, fell and was injured.

The declaration was afterwards amended by adding two counts. The first alleged that the defendant was the owner of a lot of land on said Willard Place; that he had caused or allowed to be placed on the northwesterly side thereof a plank sidewalk, which abutted upon the sidewalk in front of the block of buildings where the plaintiff resided, and extended to Washington Street; that the land under the sidewalk and Willard Place was the property of the defendant; that the defendant had allowed the sidewalk so to remain as to be an invitation, express or implied, for the plaintiff and others to use the same; that the same was defective and out of repair; and that the plaintiff, while in the use of the same, and in the exercise of due care, was thrown down and injured. The second count alleged the same facts, and further, that, by reason of the decaying of the planks and sleepers thereunder, a trap or pitfall was established in said walk, wherein the plaintiff fell, while using due care, and was injured. Answer, a general denial.

Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that, on May 9, 1870, Francis B. Crowninshield conveyed by warranty deed to Ezekiel S. Johnson a parcel of land bounded on the southeast by Willard Place. This deed described Willard Place as twenty-four feet six inches wide, and as extending northerly from Washington Street two hundred and eighty-six feet, and granted a right of way to Washington Street in common with the grantor, his heirs and assigns, and such other persons as might have a legal right thereto. That Johnson covered his land with a block of houses, which he leased as tenement houses, and built a brick sidewalk in front thereof; that there was a fence which encroached upon land of Crowninshield on Willard Place, which land adjoined the land of Johnson, and also a sidewalk made of

wood by the side of said fence, partially on Willard Place and partially on Crowninshield's land, extending from Johnson's land and sidewalk over the whole front of Crowninshield's land to Washington Street. There was no evidence as to who constructed this sidewalk, but the same had been there for years. There was no evidence introduced to show whether or not the defendant had an interest in said land on Willard Place, at the time of the alleged accident, other than what can be inferred by the contents of a deed from the defendant and others to Caleb William Loring and from Caleb William Loring to the defendant, which two deeds were offered in evidence by the plaintiff; and no evidence was introduced which connected the defendant in this action with said Francis B. Crowninshield, except what might be inferred from the two deeds last mentioned. The first of these deeds, dated November 4, 1877, recited that Francis B. Crowninshield by his will devised a certain sum to his son Benjamin in trust, and the residue of his estate to Benjamin in his own right, and in trust for the testator's daughters, and directed that the residue should be divided into separate parts. It then conveyed the lot of land on Willard Place to Loring. On the same day the premises were conveyed by Loring to the defendant and others.

There was also evidence, that, in 1877, an agent of the defendant, having the management of the estate, found that the fence and walk encroached upon the defendant's land two feet, and moved it to the line of the way; that Willard Place was constructed like an ordinary street, except that it was open only at one end; that the premises in front of which the plaintiff was injured were under lease to one A. H. Allen for a term of years at the time of the injury, but Allen had no means of access to Willard Place from said land, and never used Willard Place in connection with the land. The plaintiff also put in evidence of care on his part at the time he fell and was injured, and of the defective condition of the plank sidewalk.

There was no evidence that the defendant was under any obligation to keep the sidewalk in repair, or that he ever had anything to do with it except when it was moved, as hereinbefore stated. There was evidence that the defendant's agent had on some occasions caused the snow to be removed therefrom; but

no evidence that he had any actual knowledge of the existence of the defect in the sidewalk by reason of which the plaintiff was injured.

After the plaintiff had put in his evidence, the judge ruled that the action could not be maintained under the declaration as it then stood; that there was no evidence of any duty incumbent upon the defendant to keep the wooden sidewalk in repair, as regarded Johnson or his tenants, by reason of the right of way given to Johnson, or by reason of the way laid out by Crowninshield. The plaintiff was then allowed to amend his declaration by adding the two new counts above set forth.

The plaintiff on the last two counts asked the judge to instruct the jury as follows: " If the owner of the premises in question allowed a plank sidewalk to remain in front of his premises, such as appears undisputed in the evidence in this case, it is competent for the jury to find that there was such inducement as put upon the defendant the obligation to keep the sidewalk in repair."

The judge refused to give the instruction requested; but instructed the jury that, if they should find that the defendant owned and had possession of the land and of the sidewalk in front of the same, he was under no obligation to keep the sidewalk in repair, and was not liable unless the jury should find that he had built the sidewalk, and knowingly allowed it to remain in such a condition that it was in effect a trap for the plaintiff, and by reason of which he was injured while using due care.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*L. M. Child*, for the plaintiff.

*W. E. Welch*, for the defendant.

C. ALLEN, J. 1. The objection to the ruling of the court, that the action could not be maintained under the declaration as it stood originally, was done away with by the allowance of the amendment.

2. Upon the whole evidence, there was nothing to show that the defendant either built the sidewalk, or held out any inducement or invitation to the plaintiff to pass over it, which would render the defendant responsible; and the case might properly

have been withdrawn from the jury, and a verdict directed to be returned for the defendant, on the ground that there was no evidence to establish a liability on the part of the defendant for the condition of the sidewalk. Merely allowing an old, defective, and decaying plank sidewalk along one side of a private way to remain contiguous to the rear side of premises which have been under lease for several years, with no means of access from the premises to the sidewalk, will not render the owner of the premises responsible in damages for a personal injury sustained by one passing over the sidewalk, in consequence of its defective condition. There was nothing else in the case except the removal of the fence and walk, where the same encroached upon the defendant's land, about four years before the time when the plaintiff received his injury; and this obviously was done merely with reference to putting the boundary in its proper place. The exceptions taken are therefore immaterial, as no other result than a verdict for the defendant could properly have been reached. *Exceptions overruled.*