### Amos W. Locke *vs.* Alexander Kennedy.

Middlesex.   January 10, 1898. — May 20, 1898.

Present: Field, C. J., Allen, Knowlton, Lathrop, & Barker, JJ.

*Pleading — Lease — Motion to amend before the Full Court.*

In an action on a written lease for rent, allegations that the indenture bore a certain date, that the term was for three years from that date, and that the unpaid rent which the defendant owed was for seven months from that date, are descriptive averments; and, if not proved as laid, a verdict is rightly ordered for the defendant.

In an action on a written lease for rent, a motion to amend the declaration at the hearing before the full court, so that the plaintiff will not be prevented from recovering by failure to prove that the day alleged was the exact date of the lease, is one with which the court has no power to deal, but which the plaintiff may renew in the court below, if he shall see fit.

CONTRACT, for rent, under a written lease. Trial in the Superior Court, before *Mason*, C. J., who held that there was not sufficient evidence to warrant a verdict for the plaintiff as his case was presented by the declaration, and directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*A. J. Lathrop*, for the plaintiff.

*A. S. Hudson*, for the defendant.

BARKER, J.   The ruling excepted to was that there was not sufficient evidence to warrant a verdict for the plaintiff as his case was presented by the declaration. There is no contention that this ruling was not correct, so far as it applied to the second count, which was for goods sold and delivered, the plaintiff admitting at the trial that he had been paid for the goods.

The first count was for rent, and alleged "that the defendant entered into an indenture under seal and bearing date November 13th, A. D. 1893, whereby said plaintiff demised and leased for the term of three years from the said November 13, 1893, to the defendant a certain tenement, namely, the Locke Farm in Lexington, Mass. The defendant covenanted to pay the plaintiff the sum of one thousand dollars for the three years' occupancy, in monthly payments at the rate of twenty-seven and seventy-eight one-hundredths dollars per month for each and

every month. But the plaintiff says that the defendant has not kept his covenants, but has neglected to perform the covenants mentioned, and that he has not paid said rents for seven months succeeding the said November 13, 1893, to the damage of the plaintiff, as he says, to the amount of one hundred and ninety-four and forty-six one-hundredths dollars."

The evidence showed that there had been an indenture of lease in two parts, one part of which had been destroyed by fire and the other part lost. There was no dispute that the premises leased had been occupied by the defendant under the lease, or as to the amount of the monthly rent, or that the term was three years from the date of the lease, or as to the date up to which the defendant had occupied the premises. The plaintiff testified that he was unable to fix the date of the lease more definitely than that it was in November, 1893, and before the middle of that month. He also testified that on the fifteenth day of each month succeeding November, 1893, he had demanded rent of the defendant, and that the latter had answered that he had no money to pay rent then. The defendant testified that the terms of the indenture were as testified to by the plaintiff, and that he had paid no rent.

It is plain that, while this evidence would justify a finding that the defendant owed the plaintiff for rent under a written lease the sum alleged to be due in this count, it would not warrant a finding that the lease bore date November 13, 1893, or that the term was for three years from that date, or that the unpaid rent was for seven months succeeding that date. While the evidence dia not show a variance, it did not prove the allegations of the count as they were laid. It is yet the rule that material descriptive averments must be proved as laid, and the allegations that the indenture bore date November 13, 1893, that the term was for three years from that date, and that the unpaid rent which the defendant owed was for seven months from that date, were descriptive averments, which identified the contract sued on, and which must be proved as laid to enable the plaintiff to recover upon the count as the declaration stood. *Stanwood* v. *Scovel,* 4 Pick. 422. *Whiting* v. *Withington,* 3 Cush. 413. This objection to the plaintiff's recovery could easily have been removed by an amendment. *Birnbaum*

*v. Crowninshield*, 137 Mass. 177. The ruling excepted to, that there was not sufficient evidence to warrant a verdict for the plaintiff as his case was presented by the declaration, was well calculated to suggest to the plaintiff that he should ask leave to amend the count, and as the case stood was correct in law, so that the exception to it must be overruled.

The plaintiff moved to amend at the hearing before the full court, so that he would not be prevented from recovering by failure to prove that the exact date of the lease was November 13, 1893. This motion is one with which we have no power to deal, but which the plaintiff may renew in the court below, if he shall see fit.                    *Exceptions overruled.*