(February 10, 1914.)

KATHRYN McDONNELL, Respondent, v. W. R. JONES, Sheriff, JERRY COLBURN et al., Appellants.

[138 Pac. 1123.]

PERSONAL PROPERTY—HUSBAND AND WIFE—WIFE'S SEPARATE PROPERTY
—INSUFFICIENCY OF EVIDENCE.

  1. Under the facts of this case, *held,* that the evidence is not sufficient to sustain the judgment.

APPEAL from the District Court of the Sixth Judicial District, in and for Bingham County. Hon. J. M. Stevens, Judge.

Action to recover certain horses and for damages. Judgment for plaintiff. *Reversed.*

Dickinson & Dygert, for Appellants.

The husband may borrow from the wife when she has a separate estate and repay her out of the community funds, provided no creditor of the community or of the husband is defrauded or injured thereby, but the *bona fides* of the transaction must be clear and convincing or the courts will disregard it. Such loan cannot be proved by the unsupported parol evidence of the husband and wife as against his creditors. (*Bennett v. Bennett,* 37 W. Va. 396, 38 Am. St. 47, 16 S. E. 638; *Clark v. Patterson,* 158 Mass. 388, 35 Am. St. 498, and notes, 33 N. E. 589; *Trefethan v. Lynam,* 90 Me. 376, 60 Am. St. 271, 38 Atl. 335, 38 L. R. A. 190.)

The tendency of debtors to transfer their means and earnings to the possession of their wives, or to expend them on their wives' property in order to store them away out of the reach of their creditors, renders it necessary for the courts to scrutinize thoroughly any such transaction. (*Trefethan v. Lynam, supra; Seitz v. Mitchell,* 94 U. S. 580, 24 L. ed. 179; *Bennett v. Bennett, supra.*)

W. A. Beakley, for Respondent.

The evidence conclusively shows that the horses in question were purchased by respondent's sole and separate funds, and the law gives her the absolute right to the ownership thereof, together with the increase, issues and profits thereof. (Secs. 2676, 2677, Rev. Codes; *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399; *Thorn v. Anderson,* 7 Ida. 421, 63 Pac. 592; *Dernham v. Rowley,* 4 Ida. 753, 44 Pac. 643; *Evans v. Kroutinger,* 9 Ida. 153, 72 Pac. 882, 2 Ann. Cas. 691; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497.) Under these decisions this property is not subject to execution for any of the debts of her husband.

SULLIVAN, J.—This action was brought to restrain the sheriff of Bingham county from selling two horses and for damages alleged to have been sustained by reason of the sheriff's having taken said horses. The sheriff held said

horses under execution' issued to enforce a certain judgment against the property of A. J. McDonnell, the husband of plaintiff. The cause was tried without a jury and judgment rendered in favor of the plaintiff, adjudging the plaintiff to be the owner of said horses and for damages in the sum of $110 and for costs of suit. The appeal is from the judgment.

It appears from the evidence that Mrs. Colburn and her sons, Jerry and Abe, obtained a judgment against A. J. McDonnell, the husband of plaintiff, for work and labor done and performed for him, and that an execution was issued to enforce such judgment and was levied by the sheriff on the horses in dispute, which were in the possession of said husband. The question is directly presented as to whether said horses were the separate property of the wife, the plaintiff here, or the property of her husband, A. J. McDonnell.

It appears from the record that the McDonnells had been married about four years at the time of the trial of this action; that the plaintiff was engaged in conducting a rooming-house in North Yakima, Washington, at the time of the marriage and had personal property connected with said business of the value of about $2,000; that she loaned to her husband sums at various times aggregating about $1,870, and that such loans were repaid by the husband on or about April, 1912, at Butte, Montana, and that she received two $1,000 bills from him in payment of said debts. This $2,000 had been received by the husband from a railroad company on account of certain personal injuries he had sustained.

It appears that the plaintiff and her husband removed from Butte, Montana, to Aberdeen, Idaho, or near there, and the husband, A. J. McDonnell, put his money into a ranch, and in regard to said matter testified on behalf of plaintiff as follows: "I put what money I had in the farm and that evening she and I agreed that what money she had she would put into stock if I would pay her back some time. She didn't say what time." This evidence clearly indicates that the husband borrowed the money paid for said horses from the wife and was to repay her. The agreement then between the husband and wife was that stock should be bought with her money

and that he would pay her back some time, the time not being fixed. Shortly thereafter said horses were purchased and it appears that plaintiff handed her husband a $1,000 bill with which to pay for such horses and other property that he had purchased at an auction sale. The record also shows that he had absolute control of said horses and used them in the various kinds of work that he was doing—farming and teaming. The said Colburns had performed certain labor for the husband in threshing and other work, and he was seeking to evade the payment of his just debt to them.

Taking the evidence all together, it is not sufficient to sustain the judgment. The judgment must therefore be reversed and the cause remanded to the trial court for further proceedings. Costs in favor of appellant.

Ailshie, C. J., and Stewart, J., concurs.