(February 23, 1922.)

## C. S. GEERHART, Respondent, v. THE FEDERAL LAND & SECURITIES COMPANY, a Corporation, Appellant.

[204 Pac. 1072.]

CONTRACT FOR BENEFIT OF THIRD PERSON—SUFFICIENCY OF EVIDENCE.
  Evidence in this case *held* not sufficient to sustain the judgment.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon Charles F. Reddoch, Judge.

Action for debt. Judgment for plaintiff. *Reversed.*

James R. Bothwell and W. Orr Chapman, for Appellant.

T. S. Risser, for Respondent.

Counsel cite no authorities on point decided.

McCARTHY, J.—In April, 1918, respondent took possession of 80 acres of land belonging to appellant, under a written contract by which the land was leased to him until December 1, 1918, for a rental of $1,450, payable $725 on or before November 1, and $725 on or before December 1, 1918. The contract further provided that, in the event respondent promptly paid the rent when due, and also the taxes, water maintenance, levies, and all other assessments against the property for the year 1918, then $1,000 of the rent so paid, was to be applied as the initial payment on a contract of sale of the land to him for $10,000, and the rest was to be applied as payment of interest up to December 1, 1918, on the contract of sale, the balance due on said contract to be divided into nine equal payments of $1,000 each. The contract further provided: "It is further understood and agreed that the foregoing paragraph in this lease is to be construed as an option to purchase only in the event that the payment of the rent and aforementioned assessments under

this lease are made immediately and when due, and failure or default or neglect to pay the same immediately and when due, shall render the foregoing paragraph null and void to the same effect as if it had been omitted from these presents and lease, and no assignment, sale, or transfer of the equity of the party of the second part in this lease or the above paragraph is to be made without the written consent of the party of the first part.''

Respondent farmed the land that season, and made certain of the payments called for by the contract, but failed to make certain others, including the $725 payment due November 1st. Respondent alleges in his complaint that appellant extended the time to make the payments, as to which he was in default, and that about November 10th, with the consent of appellant, he resold the land to one Harrell for $10,500, ''$500 dollars of which sum the said Lee Harrell paid at the time, leaving the balance due plaintiff from the said Harrell in the sum of $1,000 and defendant agreed and consented at the time, that the said Lee Harrell was to be subrogated to all the rights of plaintiff in said contract and to pay the defendant for said lands the sum of $9,000, it being agreed and understood at the time of the said transaction that a new contract was to be prepared and executed by the defendant and the said Lee Harrell, consideration in such contract being the sum of $9,000 for the sale of said land as between the defendant and the said Lee Harrell.

''That on or about the tenth day of November, 1918, the defendant and said Lee Harrell executed a new agreement for the purchase of said lands, and in consideration of the said Harrell signing 10 promissory notes for the sum of $1,000 each instead of 9 notes in said sum, and in further consideration of said contract specifying a consideration of $10,000 instead of $9,000 for the purchase of said land, and in consideration of the said Lee Harrell signing said notes and the said contract as herein described, the said defendant then and there and on that date promised the said Harrell to pay Harrell's debt to the plaintiff in the sum of $1,000.''

For this $1,000 respondent sued.  In short, it is respondent's theory that, on the sale to Harrell, he became indebted to respondent in the sum of $1,000, and that, as part of the transaction, appellant promised Harrell that it would pay this $1,000 to respondent.  This is the theory upon which the case was submitted to the jury, and upon which respondent's judgment must stand or fall.  From a judgment for respondent, this appeal is taken.  Appellant assigns, among other errors, that the evidence is insufficient to show that a balance was due respondent from Harrell in the sum of $1,000 or any other sum; that appellant agreed to pay respondent the sum of $1,000 or any other sum for Harrell; that appellant promised to pay the sum of $1,000 to the respondent, or any other sum for Harrell, or that it promised Harrell that it would pay the same.

After a careful examination of the evidence, we conclude that it is utterly insufficient to show that Harrell became indebted to respondent in the sum of $1,000 or at all, or that appellant promised Harrell to pay respondent $1,000 or any sum.  The judgment is reversed, with costs to appellant.

Dunn and Lee, JJ., concur.