[No. 16842. Department Two. March 9, 1922.]

## C. O. RUDE, *Respondent*, v. COULTER TOW BOAT COMPANY, *Appellant*.[1]

LANDLORD AND TENANT (4)—LEASE—EXISTENCE OF RELATION—EVIDENCE. A finding of a verbal lease for 115 months at six dollars per month is not sustained where respondent was the only one who testified to the fact, he was squarely contradicted, and never made any claim for rent during the entire period, and services rendered offset any claim for use and occupation.

PLEADINGS (104) — AMENDMENT — NECESSITY — QUANTUM MERUIT. An action for stated rent cannot be sustained upon the theory of quantum meruit where there was no amendment and no proof thereof offered.

Appeal from a judgment of the superior court for Pacific county, Reynolds, J., entered May 28, 1921, upon findings in favor of the plaintiff, in an action for rent, tried to the court. Reversed.

*Fred M. Bond,* for appellant.

*Edward M. Connelly* and *Welsh & Welsh,* for respondent.

MACKINTOSH, J.—The plaintiff wants six dollars a month as rental of a tract of land for a period of one hundred and fifteen months, or $690.

His complaint and his evidence are that, on April 10, 1909, he entered into a verbal lease and agreement

[1]Reported in 204 Pac. 801.

with the appellant by which he leased the premises at that rate, payable each and every month. The appellant, who was already in possession, continued there until November 10, 1917. The appellant denies that any lease had ever been made. The trial court found there had been one made—we are compelled to find from the evidence that there was no lease. The testimony preponderates so greatly against the trial court on this question that we are forced to reverse the case.

The respondent himself was the only one who testified to the making of the lease, and he is squarely contradicted by the manager of the appellant, with whom he testified he had the conversations on the subject. The respondent is also contradicted by the attendant facts and circumstances, some of which are that, for the entire period, no claim was ever made for any rent, no bills presented, and no efforts made towards collection. We are satisfied that the property was occupied under a mutual understanding that courtesies would be exchanged between the respondent and the appellant, and that the appellant's services in hauling sand and gravel and other material for the respondent were intended to, and did, offset any compensation for the use of the respondent's property.

Some suggestion is made that the respondent might be entitled to recover for the reasonable value of the use of his property. The complaint is put squarely upon a verbal lease with a fixed rental. No amendment was asked for at the trial, if that had been permissible. There was no change of the action to one of *quantum meruit,* nor was any testimony introduced upon that theory.

For the reasons stated, the judgment is reversed.

PARKER, C. J., HOLCOMB, MITCHELL, and HOVEY, JJ., concur.