(October 17, 1922.)

## JAMES W. BOWMAN, Respondent, v. J. D. BOHNEY, Appellant.

[210 Pac. 135.]

JUDGMENT ON PLEADINGS — WHEN GRANTED — CONSTRUCTION OF PLEADING—DIRECTED VERDICT—WHEN AUTHORIZED—DISCHARGE OF JURY AND ENTRY OF JUDGMENT—WHEN NOT REVERSIBLE ERROR.

1. On a motion for judgment on the pleadings, a pleading should be given a most liberal construction, and the motion granted only when the pleading totally fails to state a cause of action or defense.

2. If, on the entire evidence, there is no question of fact for the jury, but one party is entitled to a verdict, as matter of law, the proper procedure is to direct a verdict in his favor.

3. If, instead of directing the verdict in such case, the court discharges the jury, and enters the judgment which would have properly followed the directed verdict, the procedure, while irregular, is not ground for reversal.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, Judge.

Action on contract for purchase price of real estate. Judgment for plaintiff. *Affirmed.*

Quarles & Padgham, for Appellant.

There being evidence both ways, the court erred in taking the case from the jury and ordering judgment in favor of the plaintiff. (*Martin v. Dowd,* 8 Ida. 453, 69 Pac. 276; *York v. Pacific etc. Ry. Co.,* 8 Ida. 574, 69 Pac. 1042; *Idaho Comstock Min. Co. v. Lundstrum,* 9 Ida. 257, 74 Pac. 975; *Fleenor v. Oregon etc. R. Co.,* 16 Ida. 781, 102 Pac. 897; *Culver v. Kehl,* 21 Ida. 595, 123 Pac. 301; *Petajaniemi v. Washington Water Power Co.,* 22 Ida. 20, 124 Pac. 783; 38 Cyc., p. 1536, par. 2, and authorities cited in notes.)

E. W. Whitcomb, for Respondent.

A part performance of the original contract of purchase and sale precluded the appellant from rescinding a part of the contract only. (*Brashier v. Gratz,* 6 Wheat. (U. S.) 528, 5 L. ed. 323; *Ahl v. Johnson,* 20 How. (U. S.) 511, 15 L. ed. 1005; *Raymond v. Bernard,* 12 Johns. (N. Y.) 274, 7 Am. Dec. 319.

McCARTHY, J.—This is an action to recover $500 alleged to be due on a contract for the purchase of real estate. Respondent made a conveyance to appellant which included an undivided one-half interest in a certain 40 acres, and agreed to secure a conveyance to appellant of the other undivided half interest, which was owned by a Mrs. Rose. They entered into the following written escrow agreement:

"May 22, 1917.

"Citizens National Bank,

"You will hold $500.00 paid in by Joseph D. Bohney until a certain deed is delivered to you signed by Mrs. W. A. Rose and properly executed. Then pay the amount $500.00 to J. W. Bowman. If this deed should not be delivered within six months then return $500.00 to J. D. Bohney.

"J. W. BOWMAN.
"J. D. BOHNEY."

Respondent alleges in his complaint that, within the six months period, he procured a deed to said one-half interest, properly executed and acknowledged by said Mrs. Rose and her husband, and delivered it to appellant, who accepted the same; that after the expiration of the six months period appellant demanded and received the $500 held in escrow and has not paid the same. In his answer appellant denies that the Roses or either of them executed or acknowledged a deed conveying to him a one-half interest in the forty acres, denies that respondent delivered such deed to him or that he accepted the same. He admits that respondent caused a deed to be delivered to him purporting to be a conveyance of Mrs. Rose's interest in the land, but alleges that he did not accept the same because it appeared upon its face that, after it had been executed and acknowledged by the husband alone, the name of Mrs. Rose had been added by interlineation in the body of the deed, and also in the certificate of acknowledgment, that the same was altered after its execution by the husband, that he notified respondent of his refusal to accept the deed and his reasons. He admits that he drew down the $500 after the expiration of six months.

On the trial appellant testified that respondent first tendered him a deed which had not been signed by Mrs. Rose and which he refused to accept, that later, and within the six months period, respondent tendered him the same deed which had been changed in the following manner:

"A. It had been signed by Maud Rose and the acknowledgment on a different piece of paper pasted over some of the writing on the deed.

"Q. Had there been any change made in the body of the deed?

"A. Only just Mrs. Rose's name put in there.

"Q. How was it put in?

"A. It was written in between the lines on the deed."

He further testified that he declined to accept the deed because his attorney told him it was not sufficient. The attorney testified as follows: "The deed was to be signed by William A. Rose and wife, and was only signed by William

A. Rose, and acknowledged by him, and I told Mr. Bohney it would be necessary to have the signature of both Rose and his wife and their acknowledgment. Afterwards, if I recall this correctly, Mr. Bohney came to the office and showed me the same deed in which was inserted in the body of the deed the name of William A. Rose's wife and the deed was acknowledged by Mrs. Rose, whether in the same certificate or by a separate certificate I don't know, but at any rate I do recall that the deed was turned down by me because mainly the insert of the wife's name in the body of the deed was over the signature and acknowledgment of William A. Rose.''

The uncontradicted evidence thus shows that respondent, within the six months period, tendered to appellant a warranty deed to the property signed and acknowledged by Mrs. Rose and her husband. The only objection made by appellant and his attorney to the deed, based on the fact that Mrs. Rose's name was inserted in the body of the deed, was not a valid objection.

At the close of the evidence the court said: ''I think I will entertain a motion for judgment on the evidence and the pleadings. I can't see that this answer denies the right of the plaintiff to recover here and I think the evidence fails to establish any defense to the allegations of the complaint.''

Respondent's counsel said: ''At this time, your Honor please, I desire to make a motion that this be taken from the jury and that plaintiff recover judgment on the pleadings and the evidence herein.''

Thereupon the court granted the motion and directed the clerk to enter judgment in favor of the plaintiff for the amount prayed for in the complaint, which was done. From this judgment the appeal is taken. The single assignment of error is that the court erred in taking the case from the jury and ordering judgment for the plaintiff.

In one aspect the judgment may be regarded as a judgment on the pleadings. As such it cannot stand. The allegations as to the delivery and acceptance of the deed are denied in the answer. While this denial is somewhat quali-

fied and limited by subsequent affirmative allegations, we conclude that the answer, although defective, is not totally deficient, and presents an issue. On a motion for judgment on the pleadings the answer is to be given a most liberal construction, and such judgment is justified only where the answer fails to put in issue any of the material allegations of the complaint. (*Davenport v. Burke*, 27 Ida. 464, 149 Pac. 511; *Idaho Placer Mining Co. v. Green*, 14 Ida. 294, 94 Pac. 161; *Walling v. Bown*, 9 Ida. 184, 72 Pac. 960.) Tested by this rule the answer was sufficient to prevent a judgment on the pleadings.

The uncontradicted evidence, however, shows that, within the six months period, respondent tendered a deed to appellant in accordance with the escrow agreement, and that the objection made by appellant and his attorney was not valid. In this state of the evidence the court would have been justified in directing a verdict for respondent and entering judgment thereon. On sustaining a motion for a directed verdict, the practice in some jurisdictions is to direct a verdict in favor of the moving party, and then enter judgment on the verdict. (38 Cyc. 1588, note 10.) In others the court discharges the jury and enters judgment for the party entitled thereto. (Ib., note 11.) We conclude that the former is the correct practice in this state, and the proper procedure in this case would have been for respondent to have made a motion for a directed verdict, for the court to have sustained the same, and then entered judgment on the verdict, instead of discharging the jury, and ordering judgment entered without a verdict.

"If, when the evidence on both sides is closed, plaintiff is entitled, as a matter of law, to a verdict, the proper practice is to request the court to direct a verdict in his favor; but to order judgment, instead of directing a verdict, is, at most an irregularity without prejudice, and no ground for a new trial." (*Duluth Chamber of Commerce v. Knowlton*, 42 Minn. 299, 44 N. W. 2.)

In this case, on the uncontradicted evidence, there was no question for the jury, and respondent was entitled to the

judgment which was entered. The fact that this improper procedure was followed to arrive at the correct result does not justify reversing the judgment.

The judgment is affirmed, with costs to respondent.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.