(December 22, 1922.)

## EARL D. JONES, Respondent, v. A. W. BARTLETT, Appellant.

[211 Pac. 555.]

CONVERSION—EVIDENCE, INSUFFICIENCY OF—NEW TRIAL.

> *Held,* that there is no substantial conflict in the evidence and that the evidence is insufficient to sustain the verdict.

36 Idaho.—28

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. James G. Gwinn, Judge.

Action in conversion. Judgment for plaintiff. *Reversed* and *remanded* for new trial.

C. W. Morrison, for Appellant.

"A verdict or finding of the jury must be based upon and conform to the evidence; and a verdict wholly unsupported by any evidence whatever should not be allowed to stand." (Abbott's Civil Jury Trials, 3d ed., p. 748.)

Verdict ought not to stand, where there is clear and convincing proof of an essential fact, contrary to the findings of the jury, and no evidence fairly tending to sustain it. (*Continental Life Ins. Co. v. Yung*, 113 Ind. 159, 3 Am. St. 630, 15 N. E. 220; *Quinton v. Cutlip*, 1 Okl. 302, 32 Pac. 269; 29 Cyc. 830.)

A new trial should be granted where the alleged insufficiency of the evidence is convincingly shown. (*Western Min. Supply Co. v. Melzner*, 48 Mont. 174, 136 Pac. 44; *Martini v. Oregon W. R. & N. Co.*, 73 Or. 283, 144 Pac. 104; *Johnson v. Domer*, 76 Wash. 677, 136 Pac. 1169; *Kester v. Wagner*, 22 Wyo. 512, 145 Pac. 748; *Chicago, R. I. & P. Ry. Co. v. Reardon*, 1 Kan. App. 114, 40 Pac. 931; *Houghton v. Market St. Ry. Co.*, 1 Cal. App. 576, 82 Pac. 972; *In re Casper's Estate*, 172 Cal. 147, 155 Pac. 631; *James v. Hood*, 19 N. M. 234, 142 Pac. 162; *Hudson v. Riley*, 104 Kan. 534, 180 Pac. 198; *Rankin v. Thompson*, 7 Colo. 381, 3 Pac. 719; Hayne on New Trial and Appeal, sec. 288; *Barnes v. Sabron*, 10 Nev. 217; *Watt v. Nevada Central R. R. Co.*, 23 Nev. 154, 44 Pac. 423, 46 Pac. 52; *Quayle v. Ream*, 15 Ida. 666, 99 Pac. 707.)

An offer to compromise is not admissible in evidence. (*Whitney v. Cleveland*, 13 Ida. 558, 91 Pac. 176; *Kroetch*

v. *Empire Mill Co.,* 9 Ida. 277, 74 Pac. 686; *Moore v. Evans,* 24 Ida. 153, 132 Pac. 971, 46 L. R. A., N. S., 475.)

Bennett & McCall, for Respondent, file no brief.

BUDGE, J.—This is an action in conversion. Respondent obtained judgment from which judgment and from an order overruling a motion for new trial this appeal is prosecuted. The principal assignment relied upon by appellant is the insufficiency of the evidence to sustain the verdict.

From the record the following facts substantially appear: Respondent was the owner of a tract of land near Roberts upon which there was standing a crop of hay. He entered into an agreement with appellant to cut and stack this hay. Some short time after the hay was stacked, there being four stacks in number, a division was had and one stack of approximately sixteen tons, of the stipulated value of $128 was set apart as belonging to respondent. During the winter of 1918 and the spring of 1919 this particular stack of hay was hauled away from the premises of respondent by one Harris, in the employ of one Warren Bartlett, and fed to cattle owned by Warren Bartlett and Jean Hibbard, with the exception of a small part thereof which was sold by Warren Bartlett to one Gysler.

Respondent undertook to prove at the trial below that appellant was the owner of a part of the cattle to which the hay of respondent was fed and that Harris, who hauled the hay, was the agent of appellant, and that Warren Bartlett, who sold a small portion of this hay to Gysler, was also an agent of appellant, his theory being that the appellant, having been a party to the conversion of the hay, was liable for the value thereof. Respondent also sought to prove that in a conversation had with appellant the latter stated to him that if the hay had been converted he would investigate and settle therefor. Conceding that the conversation above related took place, it is shown that it was a statement made looking to a compromise and in no sense

could be construed as an acknowledgment of liability. There is absolutely no evidence in the record that shows or even tends to show a conversion of the hay by appellant or by anyone authorized by him, but, upon the contrary, the evidence clearly shows a conversion of the hay by Warren Bartlett. The evidence further shows that appellant was not the owner of the cattle to which the hay was fed.

In order for respondent to recover in this action it was incumbent upon him to not only establish, by a preponderance of the evidence, his title and right of possession to the property alleged to have been converted and the value thereof but also the wrongful taking and conversion thereof by appellant or his authorized agent, or the exercise of dominion over the property to such an extent that his wrongful act or acts were of such a character that he aided or abetted in the conversion thereof. This, respondent wholly failed to show.

There being no substantial conflict in the evidence, the trial court erred in denying appellant's motion for a new trial.

The judgment is therefore reversed and the cause remanded, with instructions to grant a new trial. Costs of this appeal are awarded to appellant.

McCarthy, Dunn and Lee, JJ., concur.