(December 29, 1922.)

## THOS. NELSON, Respondent, v. INTERMOUNTAIN FARMERS' EQUITY, a Corporation, Appellant.

[211 Pac. 550.]

REVERSAL FOR LACK OF EVIDENCE TO SUPPORT VERDICT.

> *Held,* that the evidence in this case is insufficient to justify the verdict.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. F. J. Cowen, Judge.

Action for breach of warranty. Judgment for plaintiff. *Reversed.*

Budge & Merrill, for Appellant.

J. M. Stevens and T. S. Becker, for Respondent.

Counsel cite no authorities on point decided.

DUNN, J.—This action was brought by respondent for damages for breach of warranty of certain seed wheat sold by appellant to respondent. The complaint alleges in substance that respondent bought from appellant five thousand pounds of seed wheat which appellant warranted to be Blue Stem spring wheat, true to name and pure and free of other varieties, noxious weeds and foreign matter; that respondent at the time of the purchase of said seed had no means of knowing or determining whether or not such representations were true and that he believed and relied upon the warranty given by appellant; that respondent sowed said wheat in ground that had been properly prepared for planting; that said seed was planted, irrigated and cared for in a farmerlike manner; that said wheat was in fact not Blue Stem spring wheat but was fall wheat of mixed varieties; that owing to the failure of appellant to

furnish respondent Blue Stem spring wheat as provided for in the agreement respondent's crop was a failure and in consequence the 50 acres of land sown by respondent with the wheat purchased from appellant produced not to exceed 125 bushels of mixed wheat of inferior quality, to the damage of respondent in the sum of $2,400.

A similar action was brought by J. C. Nelson against appellant for breach of warranty and the facts set out are practically identical with those in this case.

The two cases were tried together and verdict returned against appellant. From the judgment entered thereon and from the order denying a new trial appeal was taken.

Appellant assigns a number of errors, but it will be necessary to deal only with the assignment that there is no competent proof of damage suffered by respondent and that the court should have granted a new trial.

Respondent sought to show what might reasonably have been expected as a yield from the seed sown upon said fifty acres of land if the seed wheat had been of the kind warranted to him by appellant. A careful examination of the record shows that there is a total lack of evidence as to what such yield would have been. It is true that at one place in his testimony witness Aicher stated that an average crop of Blue Stem spring wheat where the land had been fall plowed and properly worked and irrigated would be between 30 and 35 bushels per acre, but later on cross-examination he said that in giving that estimate he was not speaking specially of Blue Stem wheat, but simply of spring wheat. This left the record with no evidence whatever as to what crop ought to have been raised by respondent if he had received the kind of seed wheat that he claims was warranted to him by appellant. For this reason a new trial should have been granted. The judgment and the order denying a new trial are therefore reversed. Costs to appellant.

McCarthy and Lee, JJ., concur.

Budge, J., being disqualified, took no part.