E. W. PORTER, Commissioner of Finance of the State of
Idaho, in Charge of the FARMERS & MERCHANTS'
BANK OF REXBURG, a Corporation, Respondent, v.
GEORGE A. PINCOCK, Appellant.

[256 Pac. 93.]

TRIAL—MOTION FOR NONSUIT—EFFECT OF.

1. By motion for nonsuit, all material evidence of plaintiff,
with reasonable inferences properly deducible therefrom in favor
of plaintiff, is admitted.

2. Though admissions for purpose of motion for nonsuit make
its denial proper, after motion is denied, denials and affirmative
matter in answer entitle defendant to submit proof and have
issues of fact submitted to jury.

APPEAL from the District Court of the Ninth Judicial
District, for Madison County.   Hon. George W. Edgington,
Judge.

Action on two promissory notes.   Judgment for plaintiff.
*Reversed and remanded.*

Miller & Ricks, for Appellant.

A motion for directed verdict admits the truth of all the
evidence in favor of the adverse party and every inference
of fact that may legitimately be drawn therefrom, and
should be denied unless there is no substantial evidence
whatever on any question of fact about which reasonable
minds might differ, which, if found in favor of the adverse
party, would support a verdict for him.   (*McCornick &
Co. v. Tolmie, Bros.,* 42 Ida. 1, 243 Pac. 355.)

A motion for nonsuit is premature until the plaintiff has
put in his evidence and rested.   (*Rauh v. Oliver,* 10 Ida. 3,
77 Pac. 20; *Wheeler v. Oregon R. & Nav. Co.,* 16 Ida. 375,

Publisher's Note.
See Trial, 38 Cyc., p. 1551, n. 59, 62.

102 Pac. 347.) The same rule and reason apply to a motion by plaintiff for directed verdict. The defendant is entitled to be heard in support of his answer. In this case, however, in order to make his motion tenable, the plaintiff volunteered that the answer might be considered as proven. (6 Ann. Cas. 547, note; 13 Ann. Cas. 372, case and note; Ann. Cas. 1913C, 1347, note; 18 A. L. R. 1455, note.)

Geo. H. Lowe and O. P Soule, for Respondent, cite no authorities on points decided.

TAYLOR, J.—The Farmers & Merchants' Bank alleged two causes of action based upon two promissory notes, one given to it, the other to the Rexburg State Bank and by it assigned to plaintiff. Plaintiff having become insolvent, E. W. Porter, commissioner of finance, was substituted as plaintiff.

At the close of plaintiff's evidence, defendant moved for a nonsuit, and plaintiff moved for a directed verdict. The court dismissed the jury, and made findings of fact and entered judgment in favor of the plaintiff. This appeal is from the judgment and from an order denying a motion for a new trial.

A decision upon two assigned errors: (1) In denying a nonsuit, and (2) directing a verdict, makes it unnecessary to consider others.

[1] By the motion for nonsuit, all the material evidence of plaintiff, with all reasonable inferences properly deducible therefrom in favor of plaintiff, are admitted. Counsel for plaintiff, in making motion for a directed verdict, stated that it assumed "that the answer is proven, that all the material allegations of the defendant's answer may be taken as true or as proven, and when that is done it still tenders no issue to this court." The court held that the affirmative matters alleged, and thus admitted, did not constitute a defense.

[2] No error is assigned in the admission of evidence except as to the two notes sued upon. These were properly

admitted. The motion for nonsuit is a challenge to the sufficiency of the evidence, and was properly denied. However, while the admissions for the purpose of the motion for nonsuit made its denial proper, yet when the motion was denied the denials and affirmative matter set up in the answer entitled defendant to submit proof and have the issues of fact submitted to the jury.

We need thus not dispose of other errors assigned as to the findings, and other further assignments of error argued are denied.

The judgment is reversed and the cause remanded for a new trial. Costs to appellant.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.