(No. 5116. July 3, 1929.)

ASHLEY STATE BANK, a Corporation, Respondent, v. JOHN HOOD and JOSEPHINE MURPHY, Administrators of the Estate of J. ROBB BRADY, Deceased, Appellants.

[279 Pac. 418.]

Peterson, Baum & Clark, for Appellants.

Finis Bentley and H. B. Thompson, for Respondent.

WM. E. LEE, J.—This is an appeal from a judgment, entered on a directed verdict for plaintiff, in an action on a promissory note, and has been here before. (*Ashley & Rumelin, Bankers, v. Brady,* 41 Ida. 160, 238 Pac. 314.) As at the first trial, the answer put in issue the allegation that plaintiff's assignor was a holder in due course. It was also alleged that there was no consideration for the note, and that it was given for stock in the Beaver Film Company in violation of the "Blue Sky" law and, therefore, void.

When the case was here the first time it appeared that stock in the Beaver Film Company was the consideration for the note and that when the note was transferred to the bank, credit therefor was given the film company on the bank's books. The court then held that the note, given in payment of stock in the film company, was voidable in the hands of one not a *bona fide* holder, and that the burden was on Ashley & Rumelin to show that it was a holder in due course.

On the trial with which we are now concerned it was shown that the film company had not complied with the "Blue Sky" law. In fact, it was the expressed position of the learned trial judge, in directing the verdict, that it was established that the stock was sold Brady in violation of law. The propriety of directing the verdict depends, therefore, on whether plaintiff's assignor was a holder in

due course. The trial court thought plaintiff had satisfied the burden in this respect. We do not think so. From a careful examination of the record, we are convinced that the evidence neither shows when the proceeds of the note, placed to the credit of the film company, were checked out or exhausted, nor when the bank had notice of defenses to the note. If the credit was so checked out as to make Ashley & Rumelin a holder in due course, it is not too much to require proof thereof. Title to the note being defective under C. S., sec. 5922, respondent had the burden of proving that it was a holder in due course. (C. S., sec. 5926; *Ashley & Rumelin v. Brady, supra.*) Proof that it was a holder in due course is lacking in the record before us, and the direction of a verdict for plaintiff was improper.

Plaintiff indirectly admits the lack of evidence but suggests that "a directed verdict will not be reversed on a mere technicality for insufficiency of the proof where the record discloses that the matter of fact was established with reasonable certainty," citing *Oppenheimer v. Radke & Co.,* 20 Cal. App. 518, 129 Pac. 798. The weakness of plaintiff's position is that there is no evidence to show when the credit was withdrawn, whether before or after the maturity of the note, or before or after Ashley & Rumelin learned that there were defenses to the note. (*Central Savings Bank & Trust Co. v. Stotter,* 207 Mich. 329, 172 N. W. 142.) It cannot be said, therefore, that " . . . . the matter of fact was established with reasonable certainty." Neither does *Oppenheimer v. Radke & Co., supra,* support the contention; it does not purport to relate to a judgment entered on a directed verdict. Whether the evidence was sufficient to sustain a judgment entered on the verdict of a jury or on the findings of a judge is not the test. A verdict should not be directed in any case where a verdict for the opposite party could be sustained. As a matter of law, plaintiff was not entitled to a directed verdict. (*Bowman v. Bohney,* 36 Ida. 162, 210 Pac. 135; *McCornick & Co. v. Tolmie Bros.,* 42 Ida. 1, 243 Pac. 355; *Berryman v. Dore,* 43 Ida. 327, 251 Pac. 757; *Culver v. Kehl,* 21 Ida. 595, 123 Pac. 301; 26 R. C. L., Trial, secs. 74, 75.)

It is contended, however, that the directed verdict was proper because it appeared that Brady, not only received stock in the film company, in consideration of the note, but that he also received the promissory note of the film company in an equal amount. Whether evidence with regard to the note of the film company was admissible under the issues, it is not necessary to determine. Without such evidence there appears a total illegality of consideration; with it, there is a partial illegality of consideration. Either avoids the note in the hands of one not a holder in due course. (1 Daniel on Negotiable Instruments, 6th ed., secs. 197 and 204; 8 C. J., Bills and Notes, secs. 380 and 391; 3 R. C. L., Bills and Notes, secs. 146 and 149.)

Defendant also complains that the court sustained objections to certain of its questions propounded the witness Ashley on cross-examination. Despite the fact that reasonable latitude should be allowed in the cross-examination of such a witness, we are of the opinion that no error was committed by the court in sustaining the objections.

It is unnecessary to pass on other errors assigned.

Judgment reversed. Costs to appellants.

Budge, C. J., Varian, J., and Brinck and Baker, D. JJ., concur.

Givens, J., did not participate.

Petition for rehearing denied.