(No. 5539.  April 6, 1931.)

NELLIE P. BEAN, Appellant, v. GEORGE D. KATSILO-METES, Respondent.

[298 Pac. 363.]

486

Peterson, Baum & Clark, for Appellant.

Jones, Pomeroy & Jones, for Respondent.

GIVENS, J.—Appellant sued respondent for $1,840 under a lease for thirty months, from January 15, 1929, at $70 per month for the first twelve months, and $75 per month for the balance of the time.

Appellant alleged that an oral lease as above, was entered into with the understanding that later a written lease was to be drawn to the same effect, but when so prepared, respondent refused to sign it, and refused to pay after the expiration, June, 1929, of his five months' occupancy of the premises, having paid therefor $70 per month from January, 1929.

Respondent denied the above agreement, and claimed that he had leased the premises for only the five months, the unexpired period of the lease of a former tenant. The appeal is from a directed verdict in favor of respondent.

If reasonable inferences may be drawn from the evidence sustaining appellant's contention, the motion was

improperly granted (*Keane v. Pittsburg Lead Co.*, 17 Ida. 179, 105 Pac. 60; *Marshall v. Gilster*, 34 Ida. 420, 201 Pac. 711; *Pocatello Security Trust Co. v. Henry*, 35 Ida. 321, 27 A. L. R. 337, 206 Pac. 175; *Smith v. Marley*, 39 Ida. 779, 230 Pac. 769; *First Nat. Bank v. Stringfield*, 40 Ida. 587, 235 Pac. 897; *McCornick & Co. v. Tolmie Bros.*, 42 Ida. 1, 243 Pac. 355; *Independent Irr. Co. v. Baldwin*, 43 Ida. 371, 252 Pac. 489; *Porter v. Pincock*, 44 Ida. 235, 256 Pac. 93; *Cooper v. Oregon Short Line R. R. Co.*, 45 Ida. 313, 262 Pac. 873; *Scrivener v. Boise Payette Lumber Co.*, 46 Ida. 334, 268 Pac. 19; *Brown v. Jaeger*, 46 Ida. 680, 271 Pac. 464; *Adams County v. Meadows Valley Bank*, 47 Ida. 646, 277 Pac. 575; *Ashley State Bank v. Hood*, 47 Ida. 780, 279 Pac. 418; *Wyland v. Twin Falls Canal Co.*, 48 Ida. 789, 285 Pac. 676), the same rule applying to a directed verdict as to a nonsuit. (*Smith v. Marley, supra; Servel v. Corbett*, 49 Ida. 536, 290 Pac. 200.)

Appellant testified that she and respondent agreed on a three-year lease, and that she so instructed her scrivener, but the written lease as drawn by her agent and submitted to respondent, was for thirty months.

The scrivener who handled appellant's rental business, testified respondent told him the written lease was to be drawn for thirty months. Thus appellant's own witness contradicts her, and either there was no meeting of the minds, or if we take appellant's testimony for full value, and she may not urge that we disregard it, and it would be unreasonable to do so, the oral agreement was for three years, but appellant alleges, and relies on a thirty months' agreement, an impasse with the burden of proof on appellant, therefore no support of the essential allegation. (*McDonnell v. Jones*, 25 Ida. 551, 138 Pac. 1123; *McConnon & Co. v. Hodge*, 26 Ida. 376, 143 Pac. 522; *Jones v. Bartlett*, 36 Ida. 433, 211 Pac. 555; *Nelson v. Intermountain Farmers' Equity*, 36 Ida. 518, 211 Pac. 550; *Keltner v. Bundy*, 40 Ida. 402, 233 Pac. 516; *Mahaffey v. McNicoll*, 42 Ida. 108, 244 Pac. 401.);

To sustain the allegations of the complaint, the evidence must lead reasonably to the inference that the minds of the parties met upon the oral agreement stated, i. e., thirty months. (*Gaskill v. Jacobs*, 38 Ida. 795, at 799, 225 Pac. 499; *Ambrose v. Hyde*, 145 Cal. 555, 79 Pac. 64; 35 C. J. 957, 1143; 36 C. J. 428.)

Respondent denied either a thirty months or three-year lease, and his direct or cross-examination does not aid appellant's allegation of a thirty months' lease. From the testimony no reasonable inference may be drawn that appellant and respondent agreed to a lease for thirty months as alleged and sued for, and the motion was properly granted. (*Crabill v. Oregon Short Line R. R. Co.*, 34 Ida. 251, 200 Pac. 121; *Geerhart v. Federal Land & Securities Co.*, 35 Ida. 137, 204 Pac. 1072; *Bowman v. Bohney*, 36 Ida. 162, 210 Pac. 135; *Munn v. Twin Falls Canal Co.*, 43 Ida. 198, 252 Pac. 865.)

It is not a question of variance, but failure of proof to establish the lease alleged. (*Holt v. Spokane & Palouse Ry. Co.*, 4 Ida. 443, 40 Pac. 56; *Taylor v. Fluharty*, 35 Ida. 705, 208 Pac. 866; *Rosendahl v. Lemhi Valley Bank*, 43 Ida. 273, 251 Pac. 293; *Servel v. Corbett*, 49 Ida. 536, 290 Pac. 200; *Rude v. Coulter Tow Boat Co.*, 119 Wash. 60, 204 Pac. 801.)

Judgment affirmed. Costs to respondent.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.

### ON PETITION FOR REHEARING.

GIVENS, J.—In a petition for rehearing, appellant contends we have fallaciously and illogically differentiated between failure of proof and variance.

The complaint alleged a certain definite specific oral lease, to be reduced later to writing, and the evidence failed to reasonably show that the minds of the parties met on the terms of the lease alleged. The authorities clearly recognize this as failure of proof. (36 C. J., sec. 1335, p. 417; 36 C. J., sec. 1348, p. 427; 49 C. J., sec. 1204, p. 816.)

In *Locke v. Kennedy*, 171 Mass. 204, 50 N. E. 531, the complaint alleged a three-year lease from November 13, 1893, at $27.78 per month. The evidence showed some tenancy, but failed to show a lease for three years from the date alleged. The court said:

"While the evidence did not show a variance, it did not prove the allegations of the count as they were laid. It is yet the rule that material descriptive averments must be proved as laid, and the allegations that the indenture bore date November 13, 1893, that the term was for three years from that date, and that the unpaid rent which the defendant owed was for seven months from that date, were descriptive averments, which identified the contract sued on, and which we think must be proved as laid to enable the plaintiff to recover upon the count as the declaration then stood. *Stanwood v. Scovel*, 4 Pick. 422; *Whiting v. Withington*, 3 Cush. 413; this objection to the plaintiff's recovery could easily have been removed by an amendment. *Birnbaum v. Crownshield*, 137 Mass. 177. The ruling excepted to, that there was not sufficient evidence to warrant a verdict for the plaintiff as his case was presented by the declaration, was well calculated to suggest to the plaintiff that he should ask leave to amend the count, and, as the case stood, was correct in law, so that the exceptions to it must be overruled."

No motion to amend the pleadings to conform to the proof was made herein.

Petition for rehearing denied.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.