Riley, J.
This is an action in contract or tort whereby the plaintiff seeks, the recovery of damages for personal in *127 juries received while eating food which she alleges contained a foreign substance.
The answer consisted of a general denial and an allegation of contributory negligence.
At the trial there was evidence tending to show that on January 24,1939, the plaintiff was a passenger on the train of the New York, New Haven and Hardford Railroad, known as the “Senator”, which left New York City at five o’clock p. m.; that a dining car owned and operated by the defendant (The Pennsylvania Railroad) was a part of said train; that about six o’clock p. m., while the train was in the State of Connecticut, the plaintiff in the dining car thereof, ordered a meal, to wit: a chicken dinner, a part of which dinner consisted of cranberry sauce; that while eating said cranberry sauce her gum was punctured by a “small thin wire nail with a small head”; that the occurrence was called to the attention of the steward of said dining car, and that the nail was turned over to him.
At the conclusion of the trial and before arguments, the plaintiff filed requests for rulings of law, twelve in number, all of which the trial judge denied, except those numbered 3, 6 and 9. The judge also made the following finding of fact:
“On January 24, 1939 the plaintiff was a passenger for hire on the train known as the ‘Senator’, which train left Pennsylvania Station, New York City at 5:00 o’clock P. M. The train was operated by the New York, New Haven and Hartford Railroad Company, but the dining car was operated by the defendant.
At about 6:00 o ’clock P. M., while the train was in the vicinity of Bridgeport, Connecticut, the plaintiff went into said dining car for dinner, and while eating it her gum was punctured by a nail in the cranberry sauce which accompanied the chicken which she ordered for her meal. Immediately after her accident, the matter was called to the *128 attention of the waiter and the nail was subsequently turned over by the plaintiff to the steward, who testified that it was ‘a small wire nail; a thin wire nail with a small head.’ There was no evidence as to the source of the nail or to warrant an inference that the harm to the plaintiff resulted from any failure of duty upon the part of the defendant.
Upon the foregoing facts I do not find that the plaintiff’s injuries were attributable to any negligence on the part of the defendant and accordingly I find for the defendant.” and found generally for the defendant.
The single question presented by this report is whether or not there was prejudicial error in the trial judge’s denial of the plaintiff’s requests numbered 1, 2, 4, 5, 7, 8, 10, 11 and 12, which, together with the judge’s disposition thereof, read as follows:
1. The plaintiff can recover in tort from the defendant for negligence in the preparation and sale of the cranberry sauce for human consumption if the unfitness of the food is due to the presence of foreign substance.
Bequest numbered 1 denied as immaterial as there was no evidence of any negligence on the part of the defendant in the preparation of the cranberry sauce, and the transaction in question would not constitute a sale under the laws of the State of Connecticut where the train in which the plaintiff was travelling was when she ate the food referred to.
2. The Court may infer from the fact that there was a nail in the cranberry sauce that the nail got into the cranberry sauce during the preparation and serving of said cranberry sauce, and that its presence was due to the negligence of the defendant.
Bequest numbered 2 denied.
4. It is a question- of fact for the Court to determine that by reason of the nail being in the cranberry sauce, there *129 was a foreign substance in the cranberry sauce when it was prepared and sold by the defendant, and that its presence was attributable to the negligence, of someone for whose acts the defendant is responsible.
Bequest numbered 4 denied as immaterial as the plaintiff at the time of her injuries was travelling through the State of Connecticut and under the laws of that State the transaction would not constitute a sale; nor was there any evidence of negligence on the defendant’s part either in the preparation of the cranberry sauce or in its failure to discover the presence of the nail therein.
5. The doctrine of res ipso loquitur applies in this case.
Bequest numbered 5 denied as I rule that the doctrine of res ipso loquitur has no application to the facts presented in the instant case.
7. If the defendant represents that the cranberry sauce was fit for human consumption, these representations must be regarded as intended to be accepted and relied upon by any person eating said food, and the defendant is liable in tort for negligence for such breach of representations.
Bequest numbered 7 denied as immaterial, as there was no evidence of any violation by the defendant of any penal statute in force in the State of Connecticut.
8. A violation of a penal statute is evidence of negligence as to all consequences that the statute was intended to prevent without condition or qualification.
Bequests numbered 8 and 12 denied as immaterial as there was no evidence of any violation by the defendant of any penal statute in force in the State of Connecticut.
10. The laws of Connecticut make it a criminal offense to sell impure foods.
Bequests numbered 10 and 11 denied as inapplicable since under the laws of the State of Connecticut the transaction in question would not constitute a sale.
*130 11. The sale by the defendant of the cranberry sauce with the nail in it is a violation of the penal statutes of Connecticut and is evidence of negligence.
See No. 10.
• 12. The plaintiff can recover in tort for negligence for a violation of the penal statutes of Connecticut, which violation occurred in the State of Connecticut.
See No. 8.
A reading of said requests discloses that they are all predicated on negligence, some on the assumption of a sale, others on the assumption of violation of a statute, and one ■ on the assumption that the rule of res ipso loquitur applies.
As to so much of the plaintiff’s contention as is woven into the requests, to the effect that the transaction which the evidence in the report describes, constitutes a sale, it is untenable under the law of the State of Connecticut in which state the events transpired. Lynch v. Hotel Bond, Inc., 117 Conn. 128.
So much of the requests as assume violation of a penal statute of the State of Connecticut as evidence of negligence, is likewise untenable. A careful reading of Connecticut General Statutes, 1930, Title 25, Chapter 135, particularly sections 2435, 2436 and 2442, discloses that said statute is designed and directed against putrified food, or the adulteration of food, and is not applicable to the situation present in this case. We do not believe that the presence of a foreign object in food, not due in any way to the condition of the food itself, comes within the dangers or evils which the cited statute was intended to guard against or prevent. Furthermore, said statute being a criminal one, it must be strictly construed. Longsteam v. McCafferey’s Sons, 95 Conn. 486, Bourne v. Whitman, 209 Mass. 155, *131 Flynn v. First National Stores, Inc., Mass Adv. Sh. (1937) 247.
The material evidence appearing in the report, simply establishes that the food was served to the plaintiff, by the defendant’s employees, and that the plaintiff was injured while eating it. There is nothing to show where the nail came from, and consequently an inference that its presence was due to any failure of duty on the defendant’s part was not warranted. The mere presence of a foreign substance in food is not evidence of negligence on the part of the vendor. O’Brien v. Liggett, 255 Mass. 553.
The plaintiff has failed to produce evidence sufficient to prove the material descriptive averments of her declaration, and has not sustained the burden of proof which was hers, to remove her case from the domain of speculation and conjecture, and prove the case she alleged. Locke v. Kennedy, 171 Mass. 204.
The suggestion of res ipso loquitur is not impressive. While it is true that that doctrine has been held to apply to food eases, it has invariably been invoked in cases where the evidence disclosed that the defendant was the manufacturer of the product. Further, the res ipso loquitur rule simply permits the trial judge as a fact finding tribunal to infer from the occurrence itself, that it would not have happened without some negligence on the part of the defendant, but it does not require him to conclude that there was negligence. The burden of proof of negligence remains upon the plaintiff, irrespective of the rule of res ipso loquitur. Roscigno v. Colonial Beacon Oil Co., Mass. Adv. Sh. (1936) 915.
The trial judge having properly ruled upon the questions of law contained in the plaintiff’s requests, and having found as a fact that the defendant was not negligent, there was no prejudicial error in his denial of the said requests.
Report dismissed.